HAMITER, Justice.
The Town of Slaughter in East Feliciana Parish seeks in this expropriation suit a right of way 60 feet wide and 1093 feet long (containing a total of 1.5 acres) across defendants 250 acre tract of land, located within the municipality’s limits, it to be used for the construction of a road and for *463 the installation of gas and water lines. The proposed right of way commences at a dead end street and leads to a newly developed subdivision on the town’s outskirts. The taking of the strip effects a division of defendants’ tract, creating one parcel of 13 acres (almost a rectangular plot) and another of 237 acres.
For the right of way plaintiff offered to pay $1,130. Rejecting the offer, defendants announced that they would accept $3,424. No agreement was reached, and this suit followed.
In their answer the defendants pleaded that there was no need to expropriate the property; that the taking would be an unwise expenditure of public funds; and that, in the alternative, the compensation offered was grossly inadequate, they being entitled to $18,150.
After, trial the district court granted the right of way, and it awarded to the defendants the total sum of $2,500 for the land taken and for damages to the remaining property.
Defendants appealed, seeking an increase of the award to $7,415, and in this court their counsel (to quote from his brief) says that “ * * * the judge has allowed the taking and there remains but the question e>f compensation for the land and for damage done to the remaining portion and the question of expert testimony of witnesses.”
The evidence adduced convinces us that the highest and most profitable use for which defendants’ land is suitable is that for small-acre home sites (it is presently used for grazing purposes). Two experts offered by the defendants, both licensed real estate salesmen and one of whom is .an accredited appraiser, testified to such potential usage.
Also, those witnesses expressed their •opinions as to the land’s value for home site purposes. One appraised it at $650 per acre and the other at $800 per acre, they thus.placing values on the 1.5 acres expropriated of $975 and $1,200. These appraisals were based primarily on sales of other property in the vicinity which, while not identically situated as defendants’, had been conveyed for residential use and was fairly comparable.
Additionally, the defendants produced as a witness a Mr. Hollis Munson, a resident of the Town of Slaughter for over 60 years. Mr. Munson, who was not an expert, said that he valued the land at $3,000 per acre. But there was no sound basis for his appraisal. The only reason he gave therefor was that he owned, and was thoroughly familiar with, property in the community and “I just think it is worth it”. Under the circumstances we cannot give any weight to his opinion. It is only when opinions of that kind are well grounded that they can be given effect. Domino v. Domino, 233 La. 1014, 99 So.2d 328 and Koerber v. City of New Orleans, 234 La. 433, 100 So.2d 461.
Accepting then, as we do, the highest appraisal of the two expert witnesses for the defendants — a view most favorable to them, for plaintiff’s expert witness considered the property suitable solely for grazing purposes and valued it at only $110 per acre — we conclude that the land is worth $800 per acre and that, accordingly, the 1.5 acres expropriated has a value of $1,200.
With reference to the question of damage done to the remainder of the tract, defendants’ claim of $900 for replacing fences and a pond (specifically set forth in the answer) should be allowed. It is fully established by the testimony of the expert witnesses for both parties.
However, we do not find that the taking of the strip (thereby dividing the tract) occasions, as defendants contend, severance damage. As indicated above, the property’s best use is for small-acre home sites. And the severed two parcels (one 13 acres, almost rectangular in shape, and the other 237 acres) will be as desirable *464 for residential purposes as initially. In fact, as pointed out by the trial judge, the construction of the road and the installation of gas and water lines might well enhance the property’s value for residence usage.
True, defendants’ witnesses were of the belief that severance damage might result, they stating that the dividing of the tract would adversely affect defendants’ livestock and farming operations and also would render some of the property unsuitable for industrial purposes. But obviously if a fixing of the value of the land taken is to be predicated on its potential residential use (as defendants contend for here) the determination of severance damage must be based on the same usage. Moreover, there is no evidence in the record that the property ,is presently desirable for industrial purposes.
Therefore, by adding the fence and pond damage ($900) to the value of the land expropriated ($1,200), we conclude that the defendants are entitled to receive the sum of $2,100. Of course, as before stated, the district court awarded $2,500. However, plaintiff neither appealed nor answered defendants’ appeal; consequently, we cannot amend the judgment in its favor.
Defendants’ final complaint is that the trial judge failed to fix and to award expert fees for the two licensed real estate salesmen (Jack Rolston and Thomas Williams) who testified in their behalf. According to the language of.LRS 13:3666 and our holding in Recreation and Park Commission of East Baton Rouge Parish v. Perkins, 231 La. 869, 93 So.2d 198 these witnesses are entitled to expert fees, to be taxed as costs, for their services in the case. However, there is no evidence in the record disclosing the amount and value of the preparatory time spent by them and hence the matter must be referred to the trial court for determination. There it can be decided on a rule to fix such fees and to tax them as costs. See Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625 and Mamon v. Farnsworth & Chambers Construction Co., Inc., La.App., 86 So.2d 764.
For the reasons assigned the judgment awarding to the defendants the sum of $2,500 is affirmed. The case, otherwise, is remanded to the district court for further proceedings according to law and consistent with the views above expressed.