LE SUEUR, Judge.
The plaintiff in this action delivered his automobile, a 1957 Chevrolet, to the defendant in September of 1968 for certain repairs. At some point after delivery, the car mysteriously disappeared, and the action was brought in order to recover the value of the car plus certain special damages.
The trial court, after a hearing on the merits, granted judgment for plaintiff in the principal sum of $243.25, itemized as follows:
1. $75.00 for the loss of the vehicle itself ;
2. $100.00 as a return of a deposit made by the plaintiff as an advance on projected repair costs; and
3. $68.25 for the loss of a replacement axle which the plaintiff had secured and deposited with the defendant for installation on the automobile.
The plaintiff, following judgment, lodged this appeal asking, first, for an increase in damages predicated upon a reassessment of the value of the vehicle and, second, for the taxing of an expert witness fee in favor of Ralph Mistretta, a mechanic who testified on his behalf. The defendant has abandoned its denial of liability and contends that the judgment of the trial court should be affirmed in all respects.
Estimates of vehicle value ranged at trial from $35.00 to $750.00. The trial judge specifically observed in his Reasons for Judgment that the testimony in this area was both conflicting and unconvincing. This is entirely accurate and calls for rigid application of the manifest error rule. We see no such error in the valuation incorporated in the judgment.
The question of an expert fee for Mr. Mistretta seems premature. LSA-R.S. 13:3666, the governing statute, provides that:
“A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of *714 science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
“B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
“(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
“(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause. As amended Acts 1960, No. 114, § 1."
Inasmuch as the judgment is silent with reference to the fee, subsection B(2) requires that the plaintiff proceed by rule to show cause as opposed to appeal, a procedure which will serve the discretion given the trial judge in this area and, at the same time, preserve the appellate rights of the plaintiff when the ruling on the question becomes, pursuant to the statute, “a part of the final judgment in the cause.”
Accordingly, the judgment, insofar as it deals with both liability and quantum, is affirmed. Insofar as the appeal presents questions relating to the taxing of expert fees, it is remanded to the trial court to permit the lodging of an appropriate rule. Costs of the appeal are to be borne by appellant.
Affirmed in part; remanded in part.