PONDER, Judge.
On June 9, 1977, the trial court signed a judgment accepting a survey report and map on some undivided alluvion. Willie Davis, a defendant, filed a motion for a new trial on June 20. Daniel A. Oliver, plaintiff, filed a similar motion on June 22, and then filed an appeal and bond on July 18. Milliken and Farwell, Inc., a defendant, moves to dismiss plaintiff’s appeal as being premature.
We dismiss.
The motion for a new trial filed by Davis was timely. While there is some divergence of jurisprudence, we agree with the statement in Thibodeaux v. Lock Clinic, 322 So.2d 805 (La.App., 4th Cir., 1974), that “. . . Motion for new trial by one
party ordinarily does not extend another’s delay for appealing, unless the nature of the proceeding is such that one party’s motion prevents the judgment from becoming final as to another; Thurman v. Star Electric Supply, Inc., La.1973, 283 So.2d 212.”
As we understand the facts, a change in the judgment as to Davis, if a new trial be granted would almost inevitably affect the judgment as to all other parties. We therefore hold that the timely motion by Davis suspends the operation of the judgment.
We need not, therefore, consider the effect of the motion filed by plaintiff on June 22.
The appeal is dismissed.