JASPER E. JONES, Judge.
Appellant, Bobby Ray Hughes, brought this action on July 18,1983 seeking a termination of or reduction in the alimony and child support payments awarded to his ex-wife by a consent judgment signed January 4, 1983. He appeals the trial court’s ruling sustaining the ex-wife’s exception of no cause of action. For the following reasons the appeal is dismissed.
On August 15, 1983 appellant’s ex-wife, Sandra, filed a rule to make past due alimony and child support executory and on August 16 she filed an exception of no cause of action to appellant’s rule to terminate or reduce alimony and child support. A hearing on both rules and the exception was held August 18, 1983. At the close of the testimony, the trial judge stated in his oral reasons for judgment that the exception was sustained. A judgment was rendered the same day, and signed August 26, 1982, making past due alimony and child support executory. The judgment further provided that appellant was to pay Sandra’s attorney’s fees and all costs of the proceedings. The signed judgment does not refer to the rule to terminate or reduce alimony and child support nor does it contain the trial judge’s ruling on the exception of no cause of action.
A judgment sustaining an exception of no cause of action is a final judgment. Fussell v. Fireman’s Fund Insurance Company, 225 So.2d 727 (La.App. 1st Cir.1969); Carpenter v. Travelers Ins. Co., 402 So.2d 282 (La.App. 3d Cir.1981). No appeal may be taken from a final judgment until it is signed by the trial judge. La.C. C.P. 1911. Where there is no signed judgment in the record an appeal is premature and must be dismissed. Mestayer v. Mes-tayer, 302 So.2d 342 (La.App. 3d Cir.1974); Peoples’ Enterprise, Inc. v. Landry, 288 So.2d 701 (La.App. 3d Cir.1974). See also Reed v. Superior Motors, 415 So.2d 219 (La.App. 2d Cir.1982).
The signed final judgment in the record resolves only issues raised by appel-lee’s rule to make past due alimony and child support executory. Appellant’s rule to terminate or reduce alimony and child support, in which the exception of no cause of action was filed, is a separate and distinct action involving entirely different issues and requiring different proof. The signed judgment contained in the record does not dispose of this rule or the exception.
The appeal is DISMISSED at appellant’s cost.