COLE, Judge.
This court has issued, ex proprio motu, an order to show cause why this appeal should not be dismissed as premature due to the absence of a signed judgment in the record. Both appellee and appellant have filed briefs responding to the show cause order.
Trial on the merits of this matter was held on January 9, 1985. At the conclusion of trial, the court gave oral reasons for judgment. Although the record contains what purports to be written reasons for judgment dated March 19, 1985, it does not contain a written judgment. Nor are the written reasons of March 19, 1985 consistent with the oral reasons of January 5, 1985. According to the briefs filed, a judgment was prepared and submitted to the trial judge on February 4, 1985 but was apparently lost and never signed. Plaintiff filed a motion for appeal on March 7, 1985, in which it refers to the fact no judgment had yet been signed. The motion for appeal was granted on that same date.
It is well established an appeal can be taken only from a signed judgment. La.Code Civ.P. art. 1911; Hughes v. Hughes, 448 So.2d 263 (La.App.2d Cir.1984); Inge v. St. Paul Fire and Marine Insurance Company, 434 So.2d 198 (La.App. 1st Cir.1983). Written reasons for judgment may not serve as a final judgment from which an appeal may be taken. La.Code Civ.P. arts. 1911 and 1918. See Fisher v. Rollins, 231 La. 252, 91 So.2d 28, 31 (1956); Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3d Cir.1980).
Since there is no signed judgment in the record before us, this appeal is premature and this court accordingly has no jurisdiction over it. Inge, supra. Therefore, this appeal must be dismissed.
Defendant filed an answer to plaintiff’s appeal seeking damages for frivolous appeal since the plaintiff was aware there *645 was no signed judgment when it filed its motion for appeal. La.Code Civ.P. arts. 2133 and 2164. Since plaintiffs appeal is premature this court has no appellate jurisdiction over this matter and La.Code Civ.P. art. 2164 authorizing damages for frivolous appeal is not applicable herein. Dumas v. Jetson, 462 So.2d 266, 269 (La.App. 1st Cir.1984). Therefore, defendant’s answer must also be dismissed.
Appellant is to pay all costs of the appeal.
DISMISSED.