492 So.2d 116 (1986)
FIRST HOMESTEAD FEDERAL SAVINGS AND LOAN ASSOCIATION
v.
Katie Sales Tanner HENRY.
No. CA 85 0606.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*117 Peter S. Thriffiley, New Orleans, for plaintiff-appellant First Homestead Federal Sav. and Loan Ass'n.
John Fichtel, Walton Barnes, Baton Rouge, for defendant-appellee Katie Sales Tanner Henry.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
This is a suit in contract by the holder of a promissory note secured by a mortgage on immovable property. The note was executed by the owner of the property in favor of a repairer who did work on the property. The note was assigned by the repairer to the present holder. In defense of the suit, the owner-maker alleged defective workmanship in the repair work. After a trial, the district court found that some of the repair work was defective. The holder took this devolutive appeal.

FACTS
On March 5, 1981, Mrs. Katie Sales Tanner Henry was the owner of the house and lot located at 3507 Webb Drive in Baton Rouge, Louisiana. On that date, Mrs. Henry entered into a contract with L.A.S. Enterprises (LAS) to install eight replacement windows on her home for a price of $2,800. To pay this obligation, Mrs. Henry executed a bearer promissory note providing for monthly installment payments of $68.09 for sixty months, commencing May 15, 1981. Interest on the obligation was 16% per annum, commencing April 5, 1981. The note was secured by a mortgage on Mrs. Henry's property. On March 31, 1981, LAS assigned the note to First Homestead Federal Savings and Loan Association (whose name had been changed to First Financial Bank at the time of trial). The note provided, in pertinent part, as follows:
NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
This suit was filed on January 11, 1983, alleging there was a principal balance due on the note of $2,919.80. At the trial held on January 9, 1985, the evidence showed this sum represented the principal, earned interest and late charges and that a $140 payment had been made on March 3, 1983.

PROCEDURAL POSTURE OF APPEAL
At the conclusion of the trial, the trial court gave the following oral reasons for judgment:
Gentlemen, I feel that there is no question about it, there was a defect, although maybe the lending institution did not have knowledge of it, certainly L.A.S. did have knowledge of it. They didn't convey this information to the lending company, but, of course, I don't think that would have any great consequences in not doing so. I feel that since the amount of the repair, the defect, that $200.00there should be a credit in favor of the defendant in the sum of $200.00. No question about it, the defendant in this case owes some money. The big problem is to figure out just exactly how much she owes. I feel that the most equitable means of handling this is to take the unpaid balance of $2,800.00, she is to receive credit for the payments made less the $200.00 defect and the balance is to balance [sic] is to bear interest at the rate of 16% per annum until paid, the first note to be due and payable immediately, and payable at the monthly payments originally designated *118 of $68.09. That is the judgment of this court, gentlemen.
On March 7, 1985, counsel for First Homestead filed a motion for this devolutive appeal which stated that the judgment rendered on January 9, 1985 "has still not been signed by the Court as of this date". This motion was signed by a district court judge other than the trial judge.
On March 19, 1985, the trial judge filed the following written reasons for judgment:
This is a suit on a note. The note is a bearer note incorporated into a consumer contract. The Seller/Creditor was L.A.S. Enterprises and the Purchaser, Katie Sales Tanner Henry. The note was executed on March 5, 1981. L.A.S. Enterprises then assigned the note to First Federal Savings and Loan Association on March 31, 1981.
Plaintiff alleges the unpaid balance of $2,919.80 is eleven months in arrears. Defendant insists payments were not made because of certain defects in workmanship that have not been corrected despite many demands.
The Court is of the opinion that Defendant has established by a preponderance of the evidence that L.A.S. Enterprises had not performed its work in a workmanlike manner and in accordance with its contract with the Defendant. Therefore, the Court feels that all payments ought to be suspended until repairs were effected by L.A.S. Enterprises. Payments to be resumed within 10 days of the completion of the repairs.
On June 21, 1985, the trial judge signed a judgment which provided for (1) a money judgment in favor of First Homestead against Mrs. Henry for $2,919.80 with 16% per annum interest thereon from January 9, 1985, until paid, and for all costs; (2) recognition of the mortgage on Mrs. Henry's property; (3) suspension of payments until remedial work on the property was satisfactorily completed; and (4) commencement of monthly payments of $68.09 immediately after the remedial work was satisfactorily completed.
On June 28, 1985, Mrs. Henry filed alternative motions to vacate the judgment or for a new trial contending that the judgment signed on June 21, 1985, was contrary to the oral reasons for judgment and "totally unsupported by the evidence adduced". In an attached memorandum, Mrs. Henry contended the signed judgment was contrary to the law and the facts because: (1) no credit was given for the remedial cost of $200; (2) the judgment principal of $2,919.80 is comprised of accelerated principal payments due, late charges and earned interest and does not reflect a correct principal balance; (3) since the court found that LAS performed the repairs in an unworkmanlike manner, First Homestead was not authorized to accelerate payments and Mrs. Henry was authorized to withhold them; (4) payments made by Mrs. Henry were not properly credited; and (5) legal interest of 12% should be assessed, rather than the contractual amount of 16%. A hearing was set for this motion on August 9, 1985. On that date, the motion was passed without date.
On November 19, 1985, this court, on our own motion, found that First Homestead's appeal was premature and we had acquired no appellate jurisdiction to hear this case. First Homestead Federal Savings and Loan Association v. Henry, 479 So.2d 644 (La.App. 1st Cir.1985). This court observed at 479 So.2d at 644, in pertinent part, as follows:
This court has issued, ex proprio motu, an order to show cause why this appeal should not be dismissed as premature due to the absence of a signed judgment in the record....
Trial on the merits of this matter was held on January 9, 1985. At the conclusion of trial, the court gave oral reasons for judgment. Although the record contains what purports to be written reasons for judgment dated March 19, 1985, it does not contain a written judgment. Nor are the written reasons of March 19, 1985 consistent with the oral reasons of January 5, 1985. According to the briefs filed, a judgment was prepared *119 and submitted to the trial judge on February 4, 1985 but was apparently lost and never signed. Plaintiff filed a motion for appeal on March 7, 1985, in which it refers to the fact no judgment had yet been signed. The motion for appeal was granted on that same date.
....
Since there is no signed judgment in the record before us, this appeal is premature and this court accordingly has no jurisdiction over it.... Therefore, this appeal must be dismissed. [Emphasis added.]
This court did not note or discuss the fact that a timely motion for a new trial was pending.
First Homestead took a supervisory writ from our ruling. In First Homestead Federal Savings and Loan Association v. Henry, 481 So.2d 621 (La.1986), on January 24, 1986, the following action was taken:
Granted. Judgment of the Court of Appeal is reinstated. See Overmier v. Traylor, 475 So.2d 1094 (La.1985).
First Homestead applied for a clarification of this order, and, on February 7, 1986, in First Homestead Federal Savings and Loan Association v. Henry, 483 So.2d 146 (La.1986), the Court responded with the following:
Motion for Clarification granted. The action of this Court dated January 24, 1986 is amended to read: "Granted. Relator's appeal is reinstated in the Court of Appeal. See Overmier v. Traylor, 475 So.2d 1094 (La.1985)."
Henry applied for a reconsideration of this order, and, on March 7, 1986, the Court denied reconsideration. First Homestead Federal Savings and Loan Association v. Henry, 483 So.2d 1016 (La.1986). (We note that the Louisiana Supreme Court has a rule, similar to our own, that applications for rehearings of supervisory writ actions will not be considered. Rule IX(6), Louisiana Supreme Court Rules; Rule 2-18.7, Uniform RulesCourts of Appeal.)
On April 11, 1986, Mrs. Henry's son, Thaddeus Henry, filed a motion with us asserting Mrs. Henry died and this case should be remanded to the trial court to substitute the proper parties defendant and for a hearing of the motion for a new trial. In his brief in support of the motion, Thaddeus Henry asserts, among other things, the following:
Plaintiff-appellant submitted a judgment, well after the appeal was lodged, and without the knowledge of defendant-appellee or her counsel, to the trial judge for signature on June 21, 1985. The contents of the new judgment greatly differed in substance from the oral judgment rendered at the end of the trial and from the judgment submitted by counsel for both sides on February 4, 1985 for the judge's signature.
Upon receiving this pleading, on our own motion, we noted that the delays for taking an appeal do not commence to run until a trial court acts upon an application for a new trial, La.C.C.P. art. 2087(2), and directed First Homestead to show cause why this appeal should not be dismissed as premature or, in the alternative, why this matter should not be remanded for substitution of the proper parties defendant and for a hearing on the motion for a new trial.

SUBSTITUTION OF PARTIES
It is not necessary to remand this case to the district court to substitute the proper parties defendant; such can be done in this court. La.C.C.P. art. 821; Rule 2-9, Uniform RulesCourts of Appeal; Louisiana Health Service & Indemnity Company v. Cole, 418 So.2d 1357 (La.App. 2nd Cir.1982).

DISMISSAL OF APPEAL
The final judgment herein was signed on June 21, 1985. Mrs. Henry timely filed a motion for a new trial. La.C.C.P. art. 1974; La.C.C.P. art. 1971, et seq. This motion for a new trial has not been granted or denied. A devolutive appeal may be taken within sixty days after a trial court's refusal to grant a timely application for a new trial. La.C.C.P. art. 2087(2). If a new trial is granted, no appeal can be taken until there is a final judgment after the *120 new trial. An appeal taken while a timely motion for a new trial is pending is premature because the motion suspends the operation of the judgment. Oliver v. Milliken and Farwell, Inc., 356 So.2d 443 (La.App. 1st Cir.1977), writ denied, 363 So.2d 68 (La.1978). However, if a motion for a new trial is refused while the appeal is pending, the objection of prematurity is cured. Oliver v. Oliver, 411 So.2d 596 (La.App. 1st Cir.1982). (Query: If the trial court is divested of jurisdiction "upon the granting of the order of appeal", La.C.C.P. art. 2088, by what authority does it act on the pending motion for a new trial?) In the instant case, since the timely motion for a new trial is still pending and the operation of the judgment is suspended, it would appear that we have no appellate jurisdiction over this matter. Further, if the new trial is granted, we still would not have appellate jurisdiction.
La.C.C.P. art. 2088 provides, in pertinent part, as follows:

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case over those matters not reviewable under the appeal, ...
[Emphasis added.]
The denial of a motion for a new trial is reviewable on appeal. Dawson v. Mazda Motors of America, Inc., 475 So.2d 372 (La.App. 1st Cir.1985). The order of appeal herein was granted on March 7, 1985. However, it was obviously premature because the final judgment had not been signed, as required by La.C.C.P. art. 1911. In Overmier v. Traylor, 475 So.2d 1094, 1094-1095 (La.1985), the Court observed as follows:
The correct interpretation of Article 1911 is that an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed.1 However, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal.
1 When a "premature" appeal is dismissed before the judgment is signed, the appellant still has the opportunity to perfect an appeal once the judgment has been signed.
As previously indicated herein, although this court dismissed this appeal as premature, the Louisiana Supreme Court has reinstated it, citing Overmier v. Traylor. The reported rulings of the Louisiana Supreme Court do not indicate if the Court considered, or was aware of, the fact that a timely application for a new trial was pending.
In the present procedural posture of this case, we believe Overmier v. Traylor is not applicable. The timely filing of the motion for a new trial suspended the operation of the judgment, and the order of appeal is still premature. Stated another way, the signing of the final judgment cannot remove the prematurity of the order of appeal until the time for applying for a new trial has expired without one being filed. To hold otherwise would deprive Mrs. Henry (and her successors) of their statutory right to apply for a new trial which is granted by La.C.C.P. art. 1971, et seq. A person should not be allowed to divest another of his statutory right to apply for a new trial by filing a premature motion and order for an appeal. Further, we do not believe that the jurisdiction of the trial court can be divested and the appellate jurisdiction of this court attach, until the vice of prematurity is cured in the order of appeal. Thus, the trial court still retains jurisdiction to act on the motion for a new trial.
However, we have been ordered by the Louisiana Supreme Court to reinstate this appeal. Although we might disagree with this order, we are not free to disobey it. Even though we may or may not have appellate jurisdiction over this matter, we do have supervisory jurisdiction. La. Const. of 1974, art V, § 10(A). We believe *121 fundamental fairness entitles Mrs. Henry's successors to an adjudication of their motion for a new trial in the district court. Pursuant to our supervisory jurisdiction and authority, we order the trial court to hold such a hearing within thirty days after this decision becomes executory and to decide the issues presented within the delay provided in La.C.C.P. art. 1979. Thereafter, the trial court shall forthwith transmit its decision and the record of the proceedings to this court. The appeal of this case shall remain pending in this court during the interim.

DECREE
For the foregoing reasons, it is ordered that the trial court hear and decide the pending motion for a new trial in accordance with the views expressed herein.
HEARING AND DECISION ON MOTION FOR NEW TRIAL ORDERED.