LANIER, Judge.
This is an ex proprio motu motion to dismiss this appeal because the judgment from which the appeal was taken was vacated and set aside when the trial court granted a new trial.
The preliminary procedural facts of this case are set forth in First Homestead Federal Savings and Loan Association v. Henry, 492 So.2d 116 (La.App. 1st Cir. 1986). The procedural facts pertinent to this motion are as follows:
(1) January 9, 1986 — trial held and oral reasons for judgment assigned;
(2) March 7, 1985 — plaintiff obtained an order for a devolutive appeal when no final judgment had been signed;
(3) June 21, 1985 — trial court signed final judgment;
(4) June 28, 1985 — defendant timely filed motion for a new trial;
(5) November 19, 1985 — this court dismissed the appeal because there was no signed judgment in the record before us;
(6) February 7, 1986 — the Louisiana Supreme Court reinstated the appeal, citing Overmier v. Traylor, 475 So.2d 1094 (La.1985);
(7) April 11, 1986 — the defendant filed a motion with this court requesting that the case be remanded to the trial court for a hearing on the motion for a new trial;
(8) June 24, 1986 — this court ordered the trial court to hold a hearing on the motion for a new trial;
(9) January 23, 1987 — the motion for the new trial was heard in the trial court and judgment was rendered which “recalled, vacated, and set aside” the judgment signed on June 21, 1985, and rendered a new judgment on the merits; and
(10) March 24, 1987 — the show cause order for this motion was issued.
In this factual and procedural posture, we conclude that Overmier v. Traylor is not applicable and this court has *385 no appellate jurisdiction. The prematurity of the order of appeal was not cured by the signing of the June 21, 1985 final judgment because a timely motion for a new trial was filed. The subsequent judgment granting a new trial set aside the judgment of June 21, 1985, and rendered a new final judgment. Since the appeal presently before us is from a judgment which has been set aside, we cannot have appellate jurisdiction.
For the foregoing reasons, this appeal is dismissed.[1]
APPEAL DISMISSED.

. We do not assess costs herein because all costs of these proceedings were assessed to the defendant in the judgment on the motion for a new trial rendered in the trial court.