515 So.2d 765 (1987)
Michael D. RICHE
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 87-C-1108.
Supreme Court of Louisiana.
November 30, 1987.
*766 Benjamin Guelfo, Baton Rouge, for applicant.
Frank Gremillion, J. Reginald Keogh, Stephen Wilson, Keogh, Cox & Wilson, Baton Rouge, for respondent.
DIXON, Chief Justice.
The issue raised in this case is whether the City-Parish of East Baton Rouge is liable under C.C. 2317 for injuries to plaintiff's son, Richard Shane Riche, where Shane, while riding his bicycle near his home, hit an obstruction created by two A-frame pieces of a broken City-Parish barricade partially obtruding from a catch basin at the curb of the street.
The trial court ruled in favor of all the defendants dismissing plaintiff's demands at his cost. The court of appeal affirmed. We reverse, finding the City-Parish of East Baton Rouge liable under C.C. 2317 for the damages sustained by plaintiff.
The accident occurred on July 15, 1979 in a residential neighborhood when Richard Shane Riche, then nine years old, was returning home on his two-wheel bicycle on Baylor Drive in Baton Rouge. Shane was forced to move to the left-hand side of the street to avoid an oncoming car. He was unable to move to the right side of the street because there were cars parked on the right, blocking his means of escape. When Shane moved to the left, he suddenly confronted parts of a City-Parish barricade which were obtruding from a catch-basin at the curb and extending into the travel portion of the roadway. Unable to stop, the front wheel of his bicycle struck the barricade, flipping the bicycle and propelling Shane into the air. When Shane's parents arrived, they found him unconscious with his body partially on the street and across the drain or catch-basin with his legs in the gutter of the street. As a result of the accident, Shane sustained a fractured skull and a fractured cervical vertebra, or a "broken neck."
Baylor Drive is a black-topped street with low profile roll-over curbs. The barricade consisted of two A-frame end pieces with grooves into which a six foot cross board could be placed.
The barricades had been placed in the area between the sidewalk and the curb because of severe problems with cave-ins and broken sidewalks caused by an apparently defective drainage system built under the sidewalk. Testimony at the trial established that the barricades had been placed in the area several months before and had remained in various stages of disarray for from two to four months prior to the accident. There was also testimony that the city had been called and notified about the debris from the barricades and that work crews in the area had placed broken barricades between the curb and sidewalk in order that they might be picked up for disposal by employees of the safety division. Other work crews which spent time in the area ignored the condition of the barricades. The area was prone to severe flooding as a result of the drainage problems.
Employees of the City-Parish testified that it was the responsibility of the safety division of the Department of Public Works to inspect and maintain barricades used on City-Parish jobs. One employee, Charles Wade, a supervisor of the sanitary sewer division, stated there were no inspection procedures followed with regard to barricades in use. Testimony also established there was no particular problem with vandalism of the barricades. James Crawford, an employee of the safety division of the Department of Public Works, the division responsible for all barricades used by the City-Parish, testified, when shown the photographs of the situation existing at the time of the accident, that he would have considered it a dangerous one and would have rectified it. Dwaine Evans, who testified as an expert witness in the field of traffic engineering, testified that the Manual on Uniform Traffic Control Devices, a standard adopted by the profession on the use of control devices, would require at least some routine inspection procedure.
*767 On May 6, 1980 suit was brought, under negligence and strict liability theories, against the City of Baton Rouge and the Parish of East Baton Rouge and the City-Parish liability insurer, Admiral Insurance Company. Trial was held on August 28, 29 and 30, 1984 in the Nineteenth Judicial District Court. The matter was tried to a jury as against Admiral and to the judge alone as against the City-Parish. Admiral provided only excess liability coverage for amounts over $100,000. The jury returned a verdict in favor of the plaintiff, finding negligence on the part of the City-Parish and awarding $50,000 in general damages and $10,000 in medical expenses. The trial judge took the matter as to the City-Parish under advisement for approximately a year and then ruled in favor of defendants. At the conclusion of the trial, the court ruled it would not submit the issue of strict liability to the jury, concluding that the evidence was insufficient to support such an argument. In the reasons for judgment, the trial court found that some of the barricades placed in the area by the City-Parish had become dismantled and were left lying flat in the street. The court also found that some of the parts had washed out into the street and into a drainage area along the edge of the street. The court held it was not necessary to pass on the question of the negligence of the City-Parish since the court found the risk of injury in the case was not within the scope of the duty owed by the City-Parish. Citing Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), the trial court said, "a duty upon one to keep barricades put together does not encompass the risk of a child on a bicycle running into a board after the board had been washed away from its original location by rainwater." Because Admiral did not provide coverage for the first $100,000 of liability and because the jury verdict was for less than $100,000, the trial court dismissed the suit against Admiral also.
The First Circuit Court of Appeal, in an opinion not designated for publication, affirmed the holding of the trial court, 507 So.2d 21. The court found, without question, that the barricade with which Shane collided was under the care, custody and control of the City-Parish. However, the court found the barricade along the edge of the residential street did not create an unreasonable risk of harm to others. The court of appeal held that the plaintiff did not establish that the presence of the barricade along the edge of the street where Shane fell was defective to the extent that it created an unreasonable risk of harm to others. Therefore, the court of appeal affirmed, finding that the trial court had properly refused to apply the principles of strict liability. Under the negligence theory, the court said that had plaintiff's son been injured as a result of driving his bicycle into the excavation holes the barricades were erected to guard, the City-Parish would have been liable, but that the duty to maintain the barricades did not encompass the risk of injury encountered in this case; the court of appeal found the trial court correctly denied recovery on the negligence theory.
This case is controlled by the theory of strict liability under C.C. 2317. That article provides that "we are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." The guardian or custodian of a thing is legally responsible for the damages caused by the vice or defect of the thing. Loescher v. Parr, 324 So.2d 441, 448 (La.1975). The term "guardian" or "custodian" includes municipalities and other public bodies, and they may be liable for damages caused by things in their custody. Jones v. City of Baton Rouge, 388 So.2d 737, 740 (La.1980).
Under this theory of liability, an injured party need not prove negligence, but must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Shipp v. City of Alexandria, 395 So.2d 727, 728 (La.1981).
*768 In Jones, the plaintiff stepped across the cover of a catch-basin as she was walking from the sidewalk to the street in Baton Rouge. The cover of the catch-basin gave way beneath her; she fell into the catch-basin and the cover pinned her against its side. We found that the catch-basin and its cover were in the care or custody of the City of Baton Rouge; that the cover was defective because the risk of falling four or five feet into a catch-basin as a result of stepping upon a presumably solid, firm metal surface is unreasonable; and that the defect caused plaintiff's damages.
In Shipp, the plaintiff stepped unassisted off the curb and into the street. As she did, her left foot landed in a hole or crack in the street pavement. There, we found that it was undisputed that the street where the plaintiff fell was under the care and custody of the City of Alexandria and that it was clear that the defective area of the pavement caused plaintiff's damages, but that the record did not establish that the area was so defective that there was an unreasonable risk of injury.
In this case the curb, the street, the barricades and drainage facilities were under the care and custody of the City-Parish of East Baton Rouge. For several months preceding the accident, the employees of the City-Parish had been repairing the sewerage and drainage facilities on Baylor Drive and had erected the barricades. From his collision with those barricades, Shane sustained injuries.
The condition of the street clearly posed an unreasonable risk of injury. The barricades had been on the street for several months; they had been in a state of disarray for two to four months; the City-Parish had no procedure for inspecting these structures despite the fact that they were easily dismantled; work crews in the area did nothing to fix fallen barricades; heavy rains caused the barricades to leave their original position and float around the street. Photographs reveal that Shane's injuries were caused by two A-frame sections of a barricade which had separated from the cross-beam and landed in the street; the bottoms of the A-frames were wedged under the cover of a catch-basin and the tops extended into the travel portion of the street.
Shane was lawfully in the street, traveling where he had a right to be. The sidewalks were in a state of disrepair. He was properly observing traffic and moved to the edge of the street, his attention on the oncoming car, with no reason to expect the roadway to be obstructed.
Once a plaintiff proves his elements of liability under C.C. 2317, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Shipp v. City of Alexandria, supra at 728-9; Jones v. City of Baton Rouge, supra at 740; Loescher v. Parr, supra at 447. None of these three causes are applicable here; the flat white boards protruding from the catch-basin at the curb caused Shane's fall.
For these reasons, the judgment of the courts below are reversed, and there is now judgment in favor of Michael D. Riche, plaintiff, and against the City of Baton Rouge and Parish of East Baton Rouge, in an amount to be fixed by the court of appeal; the case is remanded to the court of appeal for further proceedings, all at the cost of the City-Parish of East Baton Rouge.
CALOGERO, DENNIS, LEMMON, COLE and MARCUS, JJ., concurs and assigns reasons.
CALOGERO, Justice, concurring.
Upon remand to the Court of Appeal, I believe that rather than have that Court fix the quantum of damages here, the Court of Appeal ought to review the case as though there had been a judgment of the district court in favor of the plaintiff in the amount of $50,000 general damages and $10,000 special damages and thereupon determine whether under the Coco v. Winston standard the jury here abused its discretion in making this award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). If the Court of Appeal determines that the *769 jury did abuse its discretion in making this award, it should then disturb the award only to the extent of lowering it or raising it to the highest or the lowest point which is reasonably within the discretion permitted the jury, and not simply decide what the Court of Appeal considers an appropriate award on the basis of the evidence presented. Id. at 335.
Although the determination of quantum by the jury in this matter did not become the judgment of the district court because the trial judge rendered a judgment of no liability after the jury's verdict, there has been no determination that the award made by the jury was an inappropriate award. In fact, neither plaintiff nor defendant has protested the amount awarded. Plaintiff in post trial memorandum and in his brief to the Court of Appeal has suggested that the amount awarded by the jury is fair and reasonable.
For these reasons, I merely concur in the decision of the majority.
LEMMON, Justice, concurring.
The factors outlined in the third-to-last paragraph of the majority opinion have the ring of a negligence determination, which I believe to be the proper method of deciding this case. The City had a duty to prevent the barricade pieces from becoming an obstruction on the traveled portion of the street, and the risk that a cyclist may be forced into the obstructed area was within the ambit of that duty. Failure to perform that duty was the cause of this accident.
COLE, Justice, concurring.
I believe the jury was correct in finding negligence on the part of the governmental body. The City had been called and notified about the debris from the barricades. Because the area was prone to severe flooding it was entirely forseeable that pieces of the barricade would float into the traveled portion of the street, thus creating a hazard to those using the street. I believe the risk of injury posed by the resulting obstruction was within the scope of the duty owed by the City to maintain safe streets.
I would, therefore, find liability based upon La.Civ.Code art. 2315. In essence, I do not believe there was a "vice or defect" bringing this action within the scope of La.Civ.Code art. 2317.
MARCUS, Justice (concurring).
I agree with the result reached by the majority. The city was negligent to have knowingly allowed the barricade to have remained in various stages of disarray from two to four months prior to the accident while being aware that the area where the barricade was located was prone to severe flooding. The city was under a duty not to leave the pieces of the barricade on the ground where flooding was able to move pieces of that barricade into the travel portion of the roadway. The risk that someone traveling on that roadway would run into those pieces of the barricade and suffer injuries was a risk that was within the scope of the duty owed by the city. However, I do not agree that the pieces of the barricade that extended into the travel portion of the roadway created an unreasonable risk of harm to others. Accordingly, I respectfully concur.