541 So.2d 905 (1988)
Michael D. RICHE
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 86 CA 0287-R.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
*906 Ben Guelfo, Baton Rouge, for plaintiff-appellant Michael D. Riche.
Frank Gremillion, Baton Rouge, for defendant-appellee City of Baton Rouge, EBR Parish.
Stephen Wilson, Baton Rouge, for defendant-appellee Admiral Ins. Co.
Before CARTER, LANIER and LeBLANC, JJ.
CARTER, Judge.
ON REMAND
Richard Shane Riche suffered personal injuries when the bicycle he was riding collided with a barricade lying near the edge of a neighborhood street. Plaintiff, Michael D. Riche, individually and as administrator of the estate of his minor son Richard Shane Riche, filed suit against the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) and its liability insurer, Admiral Insurance Company, under theories of negligence and strict liability. At trial, the liability of the City-Parish was tried by the trial judge, while the liability of the insurer was tried by a jury. The jury returned a verdict in favor of Riche, awarding him $50,000.00 in general damages and $10,000.00 in special damages. The trial judge rendered judgment in favor of the City-Parish. Because the Admiral Insurance Company policy did not provide coverage for the first $100,000.00 of liability and because the jury rendered a verdict for less than $100,000.00, the trial judge dismissed plaintiff's suit against the insurer. In an unpublished opinion, the Court of Appeal affirmed the trial court judgment.
Thereafter, on plaintiff's writ application, the Louisiana Supreme Court granted certiorari.[1] The Supreme Court concluded that the trial judge erred in not finding the City-Parish liable. The Supreme Court reversed the trial court judgment, determined that the City-Parish was strictly liable for Riche's injuries, and remanded the case to this court for determination of damages.[2]

DAMAGES
The evidence introduced at trial, pertinent to the issue of damages, shows that the accident occurred on July 15, 1979, when the bicycle nine-year-old Riche was riding collided with a wooden barricade. As a result of the collision, Riche was catapulted into the air, landed on his neck, and was rendered unconscious. When Riche's father found him in the street, Riche's eyes were rolled back, and his body was twisted and contorted. Riche was immediately taken to the emergency room of Our Lady of the Lake Hospital, where he was admitted for treatment and observation.
Upon admission, Riche was treated by Dr. James Poche, a neurosurgeon. The medical history given to Dr. Poche revealed that Riche had received head injuries as a result of a bicycle accident. Riche had been rendered unconscious in the accident and thereafter complained of drowsiness, headaches, and vomiting. Riche's father noted that Riche appeared to drag his right leg while walking. Dr. Poche's examination revealed a small scalp abrasion, but otherwise Riche appeared normal neurologically. The x-rays revealed a skull fracture and a cerebral concussion. After hospitalization for two days, Riche was discharged.
Thereafter, on July 27, 1979, Riche returned to Dr. Poche's office with complaints *907 of increased pain in his neck. Further, Riche's neck was bent at a peculiar angle. Dr. Poche again x-rayed Riche's neck and observed some slippage between the C-1 and C-2 vertebra. Dr. Poche readmitted Riche into the hospital and referred Riche to Dr. Charles Strange, an orthopedic surgeon.
Dr. Strange diagnosed a fracture of the lateral mass of the C-1 vertebra, which he described as the supporting aspect of the vertebra. Dr. Strange placed Riche in cervical traction, which was accomplished by screwing the tongs of the traction device into Riche's skull and putting weight on the opposite end of the device to straighten the neck. Riche remained in traction for some twenty-one days.
On August 15, 1979, the tongs were removed, and Riche was placed in a four poster neck brace for three months. Thereafter, Riche wore a foam collar neck brace for six months. Dr. Strange discharged Riche in June of 1980, upon determining that Riche had fully recovered, but limited Riche's activities to noncontact sports for at least one year. Dr. Poche continued to treat Riche's complaints of headaches and dizziness until October of 1982.
As a result of his injuries, Riche was not able to return to school to begin the fifth grade. He received private tutoring at his home until the second half of the school year, when he returned to his fifth grade class.
As a result of this evidence, the jury awarded Riche $50,000.00 in general damages and $10,000.00 in special damages. In remanding this matter, the Supreme Court failed to set forth the applicable standard of review. In a concurring opinion in Riche v. City of Baton Rouge, 515 So.2d 765 (La.1987), Justice Calogero addressed the issue of the standard of review to be applied by this court in assessing damages as follows:
Upon remand to the Court of Appeal, I believe that rather than have that Court fix the quantum of damages here, the Court of Appeal ought to review the case as though there had been a judgment of the district court in favor of the plaintiff in the amount of $50,000 general damages and $10,000 special damages and thereupon determine whether under the Coco v. Winston standard the jury here abused its discretion in making this award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). If the Court of Appeal determines that the jury did abuse its discretion in making this award, it should then disturb the award only to the extent of lowering it or raising it to the highest or the lowest point which is reasonably within the discretion permitted the jury, and not simply decide what the Court of Appeal considers an appropriate award on the basis of the evidence presented. Id. at 335.
Although the determination of quantum by the jury in this matter did not become the judgment of the district court because the trial judge rendered a judgment of no liability after the jury's verdict, there has been no determination that the award made by the jury was an inappropriate award. In fact, neither plaintiff nor defendant has protested the amount awarded. Plaintiff in post trial memorandum and in his brief to the Court of Appeal has suggested that the amount awarded by the jury is fair and reasonable. [515 So.2d 768-769]
In the instant case, regardless of the standard applied (whether we determine a reasonable damage award from the record or review the jury's award for abuse of discretion), we find that the record clearly supports a general damage award of $50,000.00 and a special damage award of $10,000.00. Riche suffered a skull fracture and a fracture of the C-1 vertebra. He was hospitalized for a total of twenty-three days, twenty-one of which he was in traction. Riche was treated regularly for almost one year by Dr. Strange for the cervical injury and spent nine months of that time wearing various neck braces. Riche experienced severe headaches, dizziness, and vomiting almost three years after the accident. Further, Riche incurred $3,782.24 in medical expenses. Although Dr. Strange discharged Riche, he opined *908 that Riche would need to follow-up medical care and monitoring as he grew up and became involved in various activities. Accordingly, we find that the record supports a general damage award of $50,000.00 and a special damage award of $10,000.00.

COSTS
Plaintiff requests that this court, pursuant to LSA-R.S. 13:3666A, assess expert witness fees as costs in this matter. Generally, an assessment of expert witness fees must be based on "the value of time employed and the degree of learning or skill required." LSA-R.S. 13:3666A; Schwamb v. Delta Air Lines, Inc., 516 So.2d 452 (La.App. 1st Cir.1987), writs denied, 520 So.2d 750 (La.1988); Labee v. Louisiana Coca Cola Bottling Co., Ltd., 500 So.2d 850 (La.App. 1st Cir.1986).
In the instant case, three expert witnesses testified at trial. Dr. Strange was qualified as an expert in orthopedic surgery, Dr. Poche was qualified as an expert in neurosurgery, and Dwaine T. Evans was qualified as an expert in the field of traffic engineering. Each witness was well qualified and skilled in his respective area of expertise. Although testimony was taken on three separate days, each of these witnesses testified for a relatively brief time. All experts were domiciled in Baton Rouge and were not required to travel any great distance. In view of the circumstances of this case, we find that an award of $250.00 for each expert witness is reasonable.

CONCLUSION
For the above reasons, judgment is rendered in favor of plaintiff and against the City-Parish for $50,000.00 in general damages and $10,000.00 in special damages with legal interest from May 6, 1980, until paid. The City-Parish is cast for all costs in the amount of $2,665.39, plus expert witness fees of $250.00 for each expert.
RENDERED.
LeBLANC, J., concurs.
LANIER, J., concurs in part and dissents in part and will assign reasons.
LANIER, Justice, concurring in part and dissenting in part.
In the trial court, the jury fixed the amount of the damage award (quantum) for the insurer of the City-Parish. The jury had no authority to fix quantum for the City-Parish itself; that function rested solely with the trial court judge. The trial court judge did not fix quantum because he found no liability by the City-Parish. Thus, quantum has never been fixed for the City-Parish by a fact finder with the authority to do so. In this procedural posture, this court must make a de novo determination of the proper measure of damages. I concur with the amounts fixed by the majority.
It is not procedurally proper for this court to fix and tax the expert witness fees as costs. That procedure is a function of the trial court.
La.R.S. 13:3666 expressly provides that, when a trial court judgment is silent on the expert witness fees, they shall be fixed in a rule to show cause "which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause." See, for example, Watson v. Car Shop, Inc., 237 So.2d 712 (La.App. 4th Cir. 1970). (Emphasis added.) The majority holding conflicts with this statute.
The jurisprudence in our circuit is extensive and unanimous that the amount of an expert witness fee is a matter within the discretion of the trial court. Young v. State Farm Fire & Casualty Insurance Company, 426 So.2d 636 (La.App. 1st Cir. 1982), writ denied, 433 So.2d 148 and 171 (La.1983). See also Varnado v. Sanders, 477 So.2d 1205 (La.App. 1st Cir.1985), writ denied, 481 So.2d 630 (La.1986). In Mamon v. Farnsworth & Chambers Construction Co., 86 So.2d 764, 770 (La.App. 1st Cir.1956), this court observed as follows:
Plaintiff-appellee also suggests to us that the fees of the expert witnesses who testified were not fixed either by us or the trial court. Such expert witness fees *909 are fixed by the court "with reference to the value of the time employed and the degree of learning or skill required", LSA-R.S. 13:3666. "Since there is no evidence in the record as to the value of the time employed by the experts who testified in this case, we think this matter should be referred to the lower court for determination", Hemphill v. Tremont Lumber Co., 209 La. 885, 25 So.2d 625, at page 629. "The trial court is in a better position to determine the value of the expert fees than an appellate court, and it can be decided on a rule to tax such fees as costs", Meyers v. Alexandria Coca-Cola Bottling Co., Ltd., La. App., 1 Cir., 8 So.2d 737, at page 739.
Mamon was cited with approval in Town of Slaughter v. Appleby, 235 La. 324, 103 So.2d 461 (1958). The trial court's judgment in this case is silent on the expert witness fees. There is no evidence in the record to show "the value of the time employed" by the experts herein.
The plaintiff's relief for fixing expert witness fees lies in the trial court. The majority's holding is contrary to the statute and the jurisprudence.
I respectfully dissent from this portion of the judgment.
NOTES
[1] Riche v. City of Baton Rouge, 508 So.2d 78 (La.1987).
[2] Riche v. City of Baton Rouge, 515 So.2d 765 (La.1987).