LANIER, Judge.
The procedural issue in this case is whether a party defendant who obtains a judgment on the merits in his favor can thereafter obtain a new trial on a jury’s quantum award.
FACTS
At approximately 7:50 a.m. on January 31, 1984, Michael Bridevaux was driving a 1983 Ford pickup truck owned by Royal Refrigeration Company, Inc. (Royal) in a westerly direction on Louisiana Highway 37 near its intersection with Sherwood Forest Boulevard in East Baton Rouge Parish, Louisiana. At the same time and place, Maria Marchand was operating a 1984 Pontiac automobile owned by Sidney L. Mar-chand in a westerly direction on Louisiana Highway 37, and the front of the Marchand vehicle struck the rear of the Royal vehicle. The Marchand vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm) in a policy that had bodily injury liability limits of $10,000. The Royal vehicle was covered by a policy of insurance issued by Wausau Underwriters Insurance Company/Worldwide Underwriters Insurance Company (Wau-sau/Worldwide).
PROCEDURAL FACTS
Prior to trial, Marchand and State Farm compromised with the Bridevauxs,[1] and the suit against them was dismissed. The Bri-devauxs proceeded to trial by jury against Wausau/Worldwide claiming that Wau-sau/Worldwide provided uninsured motorist (UM) coverage of $500,000 on the Royal pickup truck. Wausau/Worldwide denied liability and asserted it provided no UM coverage because Royal had waived UM coverage in writing. After the Bridevauxs presented their evidence at the trial, they moved for, and were granted, a directed verdict that Marchand was solely at fault. When the trial was completed, the issue of quantum was submitted to the jury, and the issue of coverage was submitted to the trial court. The jury returned special verdicts that Marchand’s fault caused the plaintiffs’ injuries, Mr. Bridevaux’s damages were $721,325, and Mrs. Bridevaux’s loss of consortium was $15,000. The trial court took the coverage issue under advisement and, subsequently, ruled there was no UM coverage. After various procedural skirmishes, the trial court ultimately rendered judgment in favor of Wausau/World-wide and dismissed the Bridevaux’s claims against it. Wausau/Worldwide then timely filed a motion for a new trial asserting “the jury verdict on the issue of quantum ... was so excessive as to be contrary to the law and evidence” and advising “the application for new trial on the issue of quantum is taken to preserve defendants’ rights in the event a bifurcated appeal is not *932 ultimately lodged.” The Bridevauxs then filed a motion for a devolutive appeal. Wausau/Worldwide then filed a motion to dismiss the appeal as premature. After more procedural skirmishing, the trial court ultimately granted the motion for a new trial on the issue of quantum.[2] The Bridevauxs sought supervisory writs from this court to review that ruling. We granted certiorari because the new trial issue is res novo.
NEW TRIAL
The Bridevauxs contend the trial court erred in granting the new trial on the issue of quantum because there was no judgment promulgating the jury verdicts and the issue of quantum is presently moot. The Bridevauxs assert that “[t]o force the parties to undergo a new trial in these circumstances would require a moot trial with the second jury asked to render what is tantamount to an advisory verdict, not binding on the appellate court, which would erode the appellate court’s jurisdiction, be an .incredible waste of judicial resources, and an unnecessary and burdensome cost to plaintiffs.” Wausau/Worldwide responds that its favorable judgment could be reversed on appeal and it has a right to obtain a quantum verdict in the trial court which is fair and which is not contrary to the law and the evidence.
La.C.C.P. art. 1971 provides as follows:
A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. [Emphasis added.]
La.C.C.P. art. 1972 provides, in pertinent part, as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence. [Emphasis added.]
A verdict reflects the conclusions of & jury upon the factual questions submitted to it; a judgment is a decision of a court. State v. Will, 536 So.2d 601 (La.App. 1st Cir.1988). Prior to Acts 1983, No. 534, La.C.C.P. art. 1972 only provided for a new trial when a judgment was clearly contrary to the law and the evidence. Acts.1983, No. 534 amended Article 1972 to provide that a new trial shall be granted where the verdict or judgment is contrary to the law and the evidence. The reason for this amendment is explained in the 1983 Revision Comment as follows:
The 1983 amendment makes two changes in this Article. The first adds the words “verdict or” to the first section to make it clear that these grounds apply to jury trials as well. This makes no change in the law.
A literal interpretation of Article 1971 in pari materia with Article 1972 would indicate that the trial court correctly granted the new trial on the verdict (issue) of quantum. Wausau/Worldwide is a party, quantum is an issue in the case which was the subject of a verdict, and the trial court found the verdict was contrary to the law and the evidence. However, for the following reasons, that interpretation is not correct.
Articles 1971 and 1972 must be construed in pari materia with La.C.C.P. art. 1812 on special verdicts which provide, in pertinent part, as follows:
C. In cases to recover damages for injury, death, or loss, the court may submit to the jury special written questions inquiring as to:
[[Image here]]
*933 (4) The total amount of damages sustained as a result of the injury, death, or loss, expressed in dollars.
D. The court shall then enter judgment in conformity with the jury’s answers to these special questions and according to applicable law.
[Emphasis added.]
In the instant case, the trial court ruled as a matter of law that Wausau/Worldwide provided no insurance coverage for the plaintiffs. This ruling interdicted the jury’s verdict on quantum because, if there is no coverage, quantum is irrelevant. The trial court was procedurally proper and acted “according to applicable law” when it rendered judgment in favor of Wau-sau/Worldwide and dismissed the plaintiffs’ demands and did not include the jury’s quantum verdict in its judgment. Thus, the jury’s quantum verdicts have not been reduced to judgment in this case.
Ordinarily, a quantum award is reviewed on appeal by the “much discretion” standard. Reck v. Stevens, 373 So.2d 498 (La.1979). If an abuse of discretion is found, the appellate court will only lower the award to the highest (or raise the award to the lowest) point which is reasonably within the discretion afforded the court; the appellate court does not substitute its judgment for that of the trial court judge or jury in this situation. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). However, if the validity of a jury verdict or trial court judgment on quantum is interdicted by a factual or legal error, the abuse of discretion standard will not be followed, and the appellate court will not remand but will undertake an independent evaluation of the record and exercise its own discretion to fix a {de novo) quantum award, if the record is otherwise complete. Suhor v. Gusse, 388 So.2d 755 (La.1980). If the record is not complete, or if the weight of the evidence is nearly equal and a firsthand view of the witnesses is essential to a fair resolution of conflicting evidence, the case will be remanded for a new trial. Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980). Thus, as a practical matter, it makes a substantial difference to the litigants on appeal whether the abuse of discretion standard is applied to determine quantum or the appellate court uses its own discretion and fixes quantum de novo.
Wausau/Worldwide’s request for a new trial on quantum appears to be based on the assumption that, if its favorable judgment were reversed on appeal, this court would proceed to fix quantum by reviewing the jury quantum verdict under the abuse of discretion standard. In this posture, if the jury verdict was an abuse of discretion, the award would only be reduced to the highest award that reasonably could be given.[3] Thus, Wausau/Worldwide asserts it is entitled to a new trial to get a fair quantum award (which apparently it feels will be substantially lower than the highest which reasonably can be given under the abuse of discretion standard). This basic assumption is in error.
If this were a judge (rather than a jury) trial, no quantum award would have been fixed after the judge ruled there was no coverage. In that posture, a ruling on quantum would be unnecessary to dispose of the case. If the ruling on coverage were reversed on appeal, this court would proceed to fix a de novo quantum award, if the record were otherwise complete. Guillory v. Keel, 502 So.2d 1159 (La.App. 3rd Cir.), writ denied, 505 So.2d 1144 (La.1987); Jones v. P.K. Smith Chevrolet-Olds, Inc., 444 So.2d 1372 (La.App. 2nd Cir.1984). We perceive of no valid reason to treat a jury trial case differently. The jury’s quantum award is not reduced to judgment in such a case. The finding of no liability (due to lack of coverage or otherwise) interdicts the jury verdict on quantum. Accordingly, in this procedural posture, if the judgment of no liability is reversed on appeal, we will fix a de novo quantum award.
In Riche v. City of Baton Rouge, 515 So.2d 765 (La.1987), a procedural problem *934 existed which was somewhat similar to that in the instant case. The plaintiff sued the City of Baton Rouge (BR) and its liability insurer and asked for a jury trial. The case was tried as a judge trial for BR and a jury trial for the insurer. The insurer only provided coverage for awards over $100,-000. The jury found the insurer liable and awarded $60,000. The judge ruled BR was not liable and rendered judgment dismissing the suit. The claim against the insurer was dismissed because there was no coverage for an award of less than $100,000. This court affirmed on appeal. The Louisiana Supreme Court reversed and rendered judgment against BR “in an amount to be fixed by the court of appeal” and “remanded to the court of appeal for further proceedings.” Riche, 515 So.2d at 768. However, in a concurring opinion, Justice Ca-logero observed as follows:
Upon remand to the Court of Appeal, I believe that rather than have that Court fix the quantum of damages here, the Court of Appeal ought to review the case as though there had been a judgment of the district court in favor of the plaintiff in the amount of $50,000 general damages and $10,000 special damages and thereupon determine whether under the Coco Vo Winston standard the jury here abused its discretion in making this award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). If the Court of Appeal determines that the jury did abuse its discretion in making this award, it should then disturb the award only to the extent of lowering it or raising it to the highest or the lowest point which is reasonably within the discretion permitted the jury, and not simply decide what the Court of Appeal considers an appropriate award on the basis of the evidence presented. Id. at 335.
Although the determination of quantum by the jury in the matter did not become the judgment of the district court because the trial judge rendered a judgment of no liability after the jury’s verdict, there has been no determination that the award made by the jury was an inappropriate award. In fact, neither plaintiff nor defendant has protested the amount awarded. Plaintiff in post trial memorandum and in his brief to the Court of Appeal has suggested that the amount awarded by the jury is fair and reasonable.
[Riche, 515 So.2d at 768-769.]
On remand, 541 So.2d 905 (La.App. 1st Cir.1988), a majority of this panel of this court held that “regardless of the standard applied (whether we determine a reasonable damage award from the record or review the jury’s award for abuse of discretion), we find that the record clearly supports a general damage award of $50,-000.00 and a special damage award of $10,-000.00.” The author of this opinion observed, as follows, in a separate concurring opinion:
In the trial court, the jury fixed the amount of the damage award (quantum) for the insurer of the City-Parish. The jury had no authority to fix quantum for the City-Parish itself; that function rested solely with the trial court judge. The trial court judge did not fix quantum because he found no liability by the City-Parish. Thus, quantum has never been fixed for the City-Parish by a fact finder with the authority to do so. In this procedural posture, this court must make a de novo determination of the proper measure of damages. I concur with the amounts fixed by the majority.
Because we will fix quantum de novo if the coverage issue is determined adversely to Wausau/Worldwide on appeal, a new trial on the issue of quantum will serve no useful purpose. La.C.C.P. arts. 1971 and 1972 should be interpreted in a way which is reasonable and practical, and not in a way that accomplishes a meaningless result. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). We will not interpret the code articles to require a new trial that will be costly in time and money and will have no effect on the ultimate outcome of the case. Accordingly, we hold that Wausau/Worldwide was not entitled to a new trial on the issue of quantum in the procedural posture of *935 this case, and the trial court judge committed error by granting one.
This assignment of error has merit.
MOTION TO DISMISS
Wausau/Worldwide seeks to dismiss the plaintiffs’ appeal as premature.
The appeal was premature when it was filed while a timely motion for a new trial was pending. First Homestead Federal Savings and Loan Association v. Henry, 492 So.2d 116 (La.App. 1st Cir.1986); Palgrave v. Tallieu, 483 So.2d 678 (La.App. 5th Cir.1986); Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir.1975). It remained premature after the new trial was granted. First Homestead Federal Savings and Loan Association v. Henry, 510 So.2d 384 (La.App. 1st Cir.1987). However, our ruling denying the motion for a new trial removes the vice of prematurity. Since the vice of prematurity has been cured, there is no useful purpose in dismissing the otherwise valid appeal. Overmier v. Traylor, 475 So.2d 1094 (La.1985).
Accordingly, the motion to dismiss the appeal is denied.
DECREE
For the foregoing reasons, the judgment of the trial court granting the partial new trial on the issue of quantum is reversed, and the motion is denied. The motion to dismiss the appeal also is denied. Wau-sau/Worldwide is cast for the cost of this supervisory writ.
REVERSED AND RENDERED; MOTION TO DISMISS APPEAL DENIED.
CARTER, J., concurs in the result.

. Mrs. Bridevaux filed a petition for loss of consortium.

. On February 19, 1988, the trial court judge made the following observations about the jury’s verdicts:
Gentlemen, I am familiar with the case. I have heard the evidence. I have already made comment on what I thought about the verdict. I have been trying cases for nearly twelve years and have been in this Courtroom for over twenty-five years. That was probably the most unreasonable, outrageous, illogical verdict I have ever seen rendered by any jury.

. It has not been asserted that the jury’s quantum award has been interdicted by a factual or legal error (other than excessiveness).