398 So.2d 1294 (1981)
Rose SCHIRO
v.
Mr. and Mrs. Anthony VIOLA.
No. 14477.
Court of Appeal of Louisiana, First Circuit.
May 12, 1981.
*1295 Ron Macaluso, Hammond, for appellant.
Louis L. Sherman, Jr., Kentwood, for defendants.
Before ELLIS, COLE and WATKINS, JJ.

ON RULE TO SHOW CAUSE
WATKINS, Judge.
This court ordered appellant, Mrs. Rose Schiro, to show cause why her appeal should not be dismissed for the reason that this court lacked jurisdiction, there being no signed judgment. The rule to show cause was issued by this court on its own motion on March 26, 1981. Thereafter, on March 31, 1981, appellant and appellees obtained a signed judgment, which was filed in the record on appeal which had previously been lodged on March 25, 1981.
The trial court gave oral reasons for judgment at the conclusion of the trial on the merits held January 12, 1981, stating in the last sentence of its oral reasons of some three and one-half pages: "Therefore, there is judgment for the defendant." On January 26, 1981, the trial judge signed an appeal order from a judgment for appellees asserted in the motion for appeal to have been rendered on January 12, 1981.
The language of the oral reasons contains no decretal language other than the phrase "... there is judgment for the defendant." An appeal cannot be taken from reasons for judgment, but must be taken from the judgment itself. Pearce v. Johnson, 250 So.2d 567 (La.App. 3d Cir. 1971). Furthermore, under LSA-C.C.P. art. 1911, an appeal may be taken only after a final judgment has been signed by the trial judge. That article, quoted in full, reads as follows:
"Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
The trial court did not sign the judgment before the appeal order was signed and the appeal was lodged. Thus, there was no appeal, and the appeal order, there having been no final judgment from which to appeal, was a nullity. This court, therefore, lacks jurisdiction to entertain the appeal, the trial court continuing to have jurisdiction until a (valid) order of appeal is granted. LSA-C.C.P. art. 2088.
The appeal, not complying with C.C.P. art. 1911, is an utter nullity. We are mindful of the order by this state's Supreme Court in In the Matter of Brandy Lynn Parker, 399 So.2d 607 (La.1981), reinstating an appeal in a case apparently similar to the present one, except that in Parker, the judgment was ultimately signed before the appeal was lodged. We are unaware of what consideration the Supreme Court may have had in mind in that case, the Supreme Court not having written an opinion or given its reasons. Suffice it to say there may have been factors considered by the Supreme Court that distinguished Parker from the present case, and that the law is quite clear that in the present case there is no valid appeal.
Accordingly, the appeal of Rose Schiro is dismissed and the matter remanded to the trial court, all costs of this attempted appeal to be borne by Mrs. Rose Schiro.
APPEAL DISMISSED.