407 So.2d 500 (1981)
Charles PAINTER
v.
CONTINENTAL UNION ASSURANCE COMPANY.
No. 14863.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Douglas R. Cyrex, Gonzales, for plaintiff & appellant.
Dan Edward West, Bell, Faller & West, Baton Rouge, for defendant & appellee.
*501 Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
This court, ex proprio motu, issued a rule directed to plaintiff-appellant, Charles Painter, to show cause why his appeal should not be dismissed.
The chronology of events leading to the issuance of the rule on September 2, 1981 are as follows:
1. As shown by the transcript of the proceedings, the trial judge at the conclusion of the trial on May 28, 1981, stated: "that the plaintiff's suit be dismissed at plaintiff's costs, and formal judgment will be signed, when presented to the Court."
2. The motion and order of appeal was signed on June 2, 1981, and filed on June 10, 1981.
3. Judgment was read and signed on June 16, 1981.
4. Notice of the signing of judgment was mailed on June 18, 1981.
Plaintiff's appeal was taken before the signing of judgment in contravention of Code of Civil Procedure, Article 1911 which reads, after its amendment in 1979, as follows:
"Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
There was no final judgment from which an appeal could be taken, thus the order of appeal was a nullity.
The jurisdiction of this court did not attach and the trial court continued to have jurisdiction until a valid order of appeal was granted or until the lapse of the delays for appealing had expired. La.C.C.P. arts. 2087 and 2088.
Appellant contends he was sent an unsigned copy of the judgment which he thought was notice to him of the signing of the judgment. We find no merit in this claim because the notice of judgment sent to appellant clearly informs him that the judgment was signed on June 16, 1981.
We are cognizant of the fact that in a case very similar to this one, our Supreme Court has recently reinstated the appeal. In the Matter of Parker, 399 So.2d 607 (La.1981). Because no written reasons were given, the import or effect of this decision is unknown. Parker, supra, can be distinguished from this case on the basis that in Parker the judge had at least signed a document purporting to be a judgment prior to signing the order of appeal. See also Schiro v. Viola, 398 So.2d 1294 (La.App. 1st Cir. 1981).
For these reasons, the appeal of Charles Painter is dismissed at his costs.
APPEAL DISMISSED.