COLE, Judge.
Plaintiff, Rose Sehiro, filed this suit seeking damages for personal injury sustained as the result of a dog bite. Made defendants were Mr. and Mrs. Anthony Viola, whom plaintiff alleged were the owners of the dog. At the close of the evidence presented at trial, the court found plaintiff did not prove defendants were owners of the dog which attacked her and thus rendered judgment in favor of defendants, dismissing plaintiff’s suit. Plaintiff then appealed from the judgment of the trial court. However, since no signed judgment had been obtained, we dismissed the appeal for lack of jurisdiction. Schiro v. Viola, 398 So.2d 1294 (La.App. 1st Cir. 1981). Subsequently, judgment was signed by the trial court, and plaintiff perfected the instant appeal. Plaintiff asserts on appeal, for the first time, that even if defendants were not the owners of the dog, the evidence supports a conclusion they were harboring the dog.
The issues presented are whether or not the trial court erred in finding defendants were not the owners of the dog which attacked plaintiff; and, whether or not the record otherwise supports a conclusion defendants, if not the owners, harbored the dog which attacked plaintiff.
The incident which gave rise to this lawsuit occurred on November 1,1979. At that time, Mrs. Viola was operating a small greenhouse at her home in the evening after her normal working hours. On the day in question, plaintiff, a 71 year old woman, drove unescorted to defendants’ home, hoping to purchase flowers or flower pots.
When plaintiff arrived at approximately 9:00 A.M., she parked her car in defendants’ driveway and proceeded to exit from it. As soon as she got out of the car, she was attacked and bitten on the leg by a dog, which she described as a “blackish” german shepherd. Plaintiff immediately re-entered the car and proceeded to the hospital for treatment of the bite.
The evidence at trial established defendants were the owners of a german shepherd dog. However, plaintiff was unable to identify it as the one that bit her.
Charles Ragúsa, Jr. testified he gave the dog to the defendants. During the time Ragusa owned it the dog barked at people and chased cars. Ragusa stated he advised Mr. Sehiro the dog would probably develop a mean temperament. On occasion, Ragusa walked or jogged by defendants’ house. He was not bothered by the dog and observed it chained at the back of the house.
Sam Fred Anzalone testified defendants’ dog had acted in a vicious manner on several occasions, which occurred several months before the biting incident at issue. He stated he had complained to Mr. Viola about these incidents which took place as he jogged by the defendants’ house. Anzalone also stated that on many occasions when he passed the defendants’ house, the dog was chained. Mr. Viola explained that on the occasions of which Anzalone complained, his dog had broken loose from the chain with which he kept it restrained. He testified, after those occurrences, he had bought a thicker link chain to keep the dog tied to a large utility pole which he had acquired. Mr. Viola stated, subsequent to the purchase of the new chain, his dog had not gotten loose. Ronald M. Evans, the employer of Mr. Viola, and Joseph F. Pizzalot-ta, a former co-worker of Mr. Viola, both testified they visited the defendants frequently. They stated that upon the occasion of their many visits the dog was never running loose but was always chained to a post in the back yard.
On the day of the incident, Mr. and Mrs. Viola left for work early in the morning. Before leaving, according to Mr. Viola’s testimony, he fed his dog and, at that time, the dog was securely fastened to the pole. Mrs. Viola also testified the dog was chained to the pole when she left for work. Upon *410 learning of the biting incident, Mr. Viola returned home with the intent of shooting his dog if it had bitten plaintiff. However, Mr. Viola stated, the dog was still securely restrained when he got home to check on it. The evidence clearly established if defendants’ dog was chained to the pole, as Mr. Viola testified it was, it would have been physically impossible for it to have bitten plaintiff. Plaintiff testified the dog which bit her had approached her from behind her car, i.e., in the direction of the street, rather than from the back yard where defendants’ dog was ordinarily kept chained. Mr. Schi-ro related there were at times other dogs in the vicinity of his house because of a dump in the area.
Evidence which supports defendants’ ownership of the dog in question includes the testimony of plaintiff and Ragusa that the defendants owned the only german shepherd in the neighborhood. Moreover, plaintiff’s daughter-in-law, Mrs. Joan Schi-ro, testified Mr. Viola admitted to her on the day of the incident his dog had gotten loose and he had to rechain it.
The issues of whether or not the court erred in finding defendants were not the owners of the dog which attacked plaintiff is strictly factual and, as such, is subject to the manifest error rule explained in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is well established that to recover in strict liability for harm caused by a domestic animal, plaintiff must prove, among other things, that defendant is master or owner of the animal. Holland v. Buckley, 305 So.2d 113 (La.1974); Alfonso v. Market Facilities of Houston, Inc., 356 So.2d 86 (La.App. 1st Cir. 1978), writ denied, 357 So.2d 1169.
A very careful reading of the entire record establishes the finding of the trial court is not clearly wrong. This is not to say that we, or another trial judge, may not have reasonably decided this case to the contrary. A strong inference, tending to prove the defendants’ ownership of the dog, arises from the undisputed facts. The defendants owned the only german shepherd dog known to be in the neighborhood. The description of the attacking dog, as given by plaintiff, was similar to that of the defendants’ dog. The attack took place on defendants’ property, a place where their dog would normally be located. And, the defendants’ dog was known to have exhibited dangerous propensities. The inference of ownership to be drawn from these facts must, however, be considered as only one part of the total evidence adduced and may reasonably be held not to be decisive. Of course, to be added to the inference is the assertion of plaintiff’s daughter-in-law, Mrs. Joan Schiro, that Mr. Viola admitted the dog was not chained when he returned home after the attack.
There is substantial evidence opposing the probative value of the inference to be drawn from the above undisputed facts as well as opposing the validity of Joan Schi-ro’s assertion. There is the testimony of both Mr. and Mrs. Viola to the effect the dog was securely chained to the pole before they left for work the morning of the incident. The chain, collar and pole used to secure the dog were more than adequate for that purpose. There is the testimony of several persons that for a considerable period of time prior to the incident the dog was always chained to the pole at the rear of the house. It was established there had been no incidents with the dog for a period of several months following the purchase and use of the larger, stronger chain. Finally, there is the testimony of Mr. Viola that when the attack upon plaintiff was reported to him, he immediately returned home and found the dog still chained to the pole. There is, of course, an inference favorable to defendants to be drawn from all of this evidence.
We recognize the direct testimonial conflict between Mr. Viola and Joan Schiro as regards whether or not the dog was found to be still chained following the attack upon plaintiff. It is obvious the trial court had to resolve this conflict and, at least in part, did so upon the basis of credibility. Such judgment is entitled to great weight by a reviewing court for the many reasons repeatedly set forth in our jurisprudence.
*411 We must not only give great weight to the assessment of credibility on the part of the trial court but, likewise, all factual conclusions of the trier of fact are entitled to great weight. This is true even though the assessment of credibility was not a factor in reaching a particular determination. In this ease, we have opposing facts, opposing inferences, and the direct conflict in testimony given by Mr. Viola and Joan Schiro. Accordingly, we are constrained to adhere to the admonition that “where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). It is our view that the total evidence adduced in this case upholds the reasonableness of the trial court’s determinations even though adverse determinations may have been just as reasonable.
Plaintiff argues alternatively that even if defendants were not the owners of the dog, it was harbored by them. Without attempting to articulate distinctions of liability, if any, among those who may variously own, have custody of, or harbor an animal which injures someone, we find absolutely no evidence in the record to support plaintiff’s contention.
The judgment of the trial court is affirmed. Plaintiff is cast for all costs of court.
AFFIRMED.