ON RULE TO SHOW CAUSE
COVINGTON, Judge.
This court, ex proprio motu, on March 3, 1982, directed the parties to show cause why the appeal, taken by plaintiff, should not be dismissed as having not been filed timely.
The record shows that:
1. On July 10, 1981, the trial having been concluded, the matter was taken under advisement.
2. On November 12, 1981, the judge handed down written “Reasons for Judgment”, which were filed on November 13, 1981. The pertinent portions thereof read “The Court therefore dismisses the Plaintiff’s case with prejudice at Plaintiff’s cost. Counsel are directed to prepare a judgment consistent with these reasons”.
3. On November 23, 1981, notice of reasons for judgment was mailed to all counsel.
4. On December 18, 1981, on petition of Mr. Dunckelman, an order of devolu-tive appeal was signed by the judge, returnable to this court on February 16, 1981. The petition and order was stamped “Filed” by the Clerk of Court on December 22, 1981.
5. On December 23, 1981, notice of appeal was given, stating that on December 16 [sic], 1981, an appeal was granted from the judgment of November 23, 1981.
Article 1911 of our Code of Civil Procedure, as amended in 1979, reads:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
There was no signed judgment obtained prior to the signing and filing of the petition and order of appeal.
Reasons for judgment are not appealable. The judge had not signed anything even purporting to be a judgment prior to the time that the order of appeal was signed and filed. Therefore, the premature order of appeal was a nullity. Schiro v. Viola, 398 So.2d 1294 (La.App. 1 Cir. 1981).
Accordingly, the appeal of William Dunckelman is dismissed at his cost.
APPEAL DISMISSED..