421 So.2d 952 (1982)
Rosemary Campbell BROWN
v.
Billy Edwin BROWN.
No. 82 CA 0579.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Charles R. Ryan, Houma, for plaintiff-appellee Rosemary Campbell Brown.
Randall M. Alfred, Houma, for defendant-appellant Lafourche Parish School Bd.
Before EDWARDS, WATKINS and SHORTESS, JJ.

*953 ON MOTION TO DISMISS
WATKINS, Judge.
This is an appeal from a judgment granting Rosemary Campbell Brown a divorce from Billy Edwin Brown, and ordering that Billy Edwin Brown pay alimony in the sum of $350.00 per month. Billy Edwin Brown has appealed. We find the appeal order was signed before judgment and that the attempted appeal, therefore, is of no effect.
The relevant dates are as follows:

Case tried and oral reasons
 announced May 10, 1982
Appeal order signed May 11, 1982
Judgment signed May 12, 1982

LSA-C.C.P. art. 1911 reads as follows:
"Except as otherwise provided by law, every judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
This article was amended into its present form by Act 618 of 1979. This article, after amendment, could not be more explicit. No appeal can be taken until there is a final judgment signed by the trial judge.
In Schiro v. Viola, 398 So.2d 1294 (La. App. 1st Cir.1981), we stated that an appeal may be taken only from a signed judgment, not from written or oral reasons for judgment. As we noted in Schiro, the Louisiana Supreme Court reinstated an appeal from reasons for judgment in In the Matter of Parker, 399 So.2d 607 (La.1981), but because of the memorandum nature of the Supreme Court's opinion in Parker, we are unable to determine what unknown factors motivated the Supreme Court's decision. Furthermore, in the present case, a case in which both parties sought a judgment of divorce on the grounds of adultery, the decisional portion of the trial court's oral reasons for judgment simply stated, "Now I don't think that any of the evidence is so circumstantial as to preclude any other reasonable hypothesis that they were having adultery. I would let it go on that." The appeal was taken after that assertion in oral reasons, rather than after formal judgment. Unlike the situation in Parker, there was no language in the present case to suggest that the reasons for judgment constituted a formal judgment of court. No divorce had been proclaimed when the appeal order was signed, and the appeal must be dismissed, as there was no signed judgment or even definitive judgment from which to appeal.
We dismiss the appeal of Billy Edwin Brown, at appellant's cost.
APPEAL DISMISSED.