PER CURIAM.
We have noted ex proprio motu that the order for appeal in the present custody *597 matter was signed by the trial judge before the judgment continuing custody in the mother, Sadie Meredith Dangerfield Williams, was signed by the trial judge. We find the attempted appeal of the father, Oliver Eugene Williams, not properly to be before this court, and dismiss the appeal.
The relevant dates are as follows:
January 28, 1983 — Judgment awarding custody to Mrs. Williams rendered orally.
February 28, 1983 — Order of appeal signed by the trial judge.
March 4, 1983 — Judgment rendered on January 28, 1983, signed by the trial judge.
LSA-C.C.P. art. 1911, as amended, provides as follows:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
We have held, in applying the amendment to the quoted article, that an appeal is subject to dismissal if the order of appeal is signed before the signing of the judgment from which the appeal is sought. Brown v. Brown, 421 So.2d 952 (La.App. 1st Cir.1982); Painter v. Continental Union Assurance Co., 407 So.2d 500 (La.App. 1st Cir.1981). We have afforded all counsel an opportunity to brief the motion to dismiss, and no briefs have been submitted. Thus, we are referred to nothing with regard to the law or the facts that would take the present case out of the clear provisions of the Codal article.
Accordingly, the appeal of Oliver Eugene Williams is dismissed, at his cost.
APPEAL DISMISSED.