EDWARDS, Judge.
The present appeal was taken from a judgment denying the plaintiffs’ request for injunctive relief, damages and attorney fees. This court, ex proprio motu, issued a rule directed to plaintiffs-appellants, John S. Poinsette and John Delatte, Jr., to show cause why this appeal should not be dis *749 missed as premature. The pertinent dates herein are:
1. May 11, 1983 — case tried and oral reasons announced.
2. May 24, 1983 — appeal order signed.
3. June 1, 1983 — written judgment signed.
La.C.C.P. art. 1911, as amended, provides as follows:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in article 2083, no appeal may be taken from a final judgment until the requirement of this article has been fulfilled.”
Contrary to the provisions of this article, the present appeal was taken before the signing of judgment by the trial judge. Since there was no final judgment from which an appeal could then be taken, the order of appeal is a nullity. Brown v. Brown, 421 So.2d 952 (La.App. 1st Cir. 1982); Painter v. Continental Union Assurance Co., 407 So.2d 500 (La.App. 1st Cir.1981).
Accordingly, for the foregoing reasons, this appeal is dismissed at appellants’ cost.
APPEAL DISMISSED.