SAVOIE, Judge.
This court issued a Show Cause Order, ex proprio motu, ordering the parties hereto to show cause why this appeal should not be dismissed for the reason that the appeal was not timely filed and/or the record does not contain a judgment.
Plaintiffs, on December 28, 1983, filed a “Petition for Preliminary Injunction.” The petition sought a preliminary injunction to restrain the defendants from the continued maintenance of the barbwire fence upon defendants’ lot or lots in River Ridge Subdivision, and further, to restrain defendants from storing, servicing or operating heavy machinery or equipment upon said lot, including but not limited to, dozers, heavy commercial trucks and trailers and other large commercial equipment. The petition also sought an eventual permanent injunction. The basis for this injunction was that the defendants were in violation of certain Building and Residential Restrictions of River Ridge Subdivision.
Defendants filed a Request for Written Notice of Assignment and Written Notice of Any Order or Judgments on January 19, 1984. On that same day, defendants filed a Motion for Extension of Time to File Pleadings. The trial court granted defendants an additional thirty (30) days, or until February 18, 1984, to file responsive pleadings. The record contains no such pleadings.
On March 2, 1984, a hearing was held on the rule for a preliminary injunction. The trial court took the matter under advisement and allowed timé for counsel to file memoranda. On May 14, 1984, the trial court issued an “Opinion,” which is attached hereto as Appendix “A”.
On June 1, 1984, the trial court signed a Motion and Order of Appeal, submitted by defendants, which granted a suspensive appeal. The order does not specify the judgment appealed. Rather, the motion requested an appeal from “the judgment of the court rendered in the preliminary injunction hearing and/or, if now appropriate, the judgment reversed in this case in the merits, i.e., the permanent injunction.” A Notice of Appeal was issued on June 5, 1984, which did not specify what judgment was appealed.
The trial court signed a judgment on July 17, 1984, granting the preliminary injunction as requested by plaintiff’s petition.[1] The appeal bond was filed on June 20,1984. The record was lodged with this court on July 19, 1984, under docket No. 84 CA 0902. On July 23, 1984, this court issued the present Show Cause Order, which was made returnable for August 7, 1984.
The “Opinion” rendered by the trial court was obviously intended to be a written articulation of the trial court’s reasons for judgment. This is so because while the “Opinion” does contain one decretal sentence, stating the plaintiff is entitled to the requested injunction, its overall import clearly reflects that it is not a final judgment. The “Opinion” actually concludes with the sentence: “The Court will sign a judgment consistent with this opinion when presented by the parties, said judgment to *501 be signed by all counsel, approving same as to form and content.”
Reasons for judgment cannot serve as a final judgment from which an appeal can be taken. La.C.C.P. art. 1918;[2] Schiro v. Viola, 398 So.2d 1294 (La.App. 1st Cir. 1981); Pearce v. Johnson, 250 So.2d 567 (La.App. 3d Cir.1971). When this appeal was taken, the record did not contain any document which would fit the form required by La.C.C.P. art. 1918 for a final judgment. This court has strictly construed La.C.C.P. art. 1911[3] and has dismissed appeals perfected prior to the signing of a judgment. See Poinsette v. Lieux, 442 So.2d 748 (La.App. 1st Cir.1983); Williams v. Williams, 434 So.2d 596 (La.App. 1st Cir.1983); Painter v. Continental Union Assurance Co., 407 So.2d 500 (La.App. 1st Cir.1981).
Therefore, this appeal was prematurely taken by appellants and must be dismissed, at their costs.
APPEAL DISMISSED.
APPENDIX A
TIMOTHY OVERMIER VS. NAVARRE TRAYLOR
NO. 70,532
21ST JUDICIAL DISTRICT COURT PARISH OF TANGIPAHOA . STATE OF LOUISIANA
May 14, 1984
OPINION
In the opinion of this Court, the property purchased by defendant was included in the restrictions and that his use of the said property is a clear violation of said restrictions. Any representations which may have been made to the defendant by any party would have no bearing on the recorded restrictions.
The Court is of the further opinion that plaintiffs have established that continued use by defendant of his property for commercial purposes would be injurious to the property of plaintiff.
The Court feels that, for the reasons stated above, plaintiff is entitled to the requested injunction.
The Court will sign a judgment consistent with this opinion when presented by the parties, said judgment to be signed by all counsel, approving same as to form and content.
Amite, Louisiana, this 14th day of May, 1984.
7s/ Edward B. Dufreche EDWARD B. DUFRECHE DISTRICT JUDGE DIVISION “E”

. This judgment was not sent to this court until after the Show Cause Order was issued.

. La.C.C.P. art. 1918:
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.

. La.C.C.P. art. 1911:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided by Article 2083, no appeal may be taken from a final judgment until the requirement of this article has been fulfilled.