475 So.2d 1094 (1985)
Timothy OVERMIER et al.
v.
Navarre Scott TRAYLOR Sr. et al.
No. 85-C-1411.
Supreme Court of Louisiana.
October 4, 1985.
PER CURIAM.
This application seeks review of the appellate court's dismissal of an appeal as premature on the basis that the order of appeal was granted before the signing of the judgment from which the appeal was taken.
The following dates are pertinent:
March 2, 1984Trial court conducted a hearing on the rule for preliminary injunction.
May 14, 1984Trial court issued an "Opinion", which stated that "(t)he Court will sign a judgment consistent with this opinion when presented by the parties".
June 1, 1984Trial court granted defendants' motion for a suspensive appeal.
July 17, 1984Trial court signed the judgment granting a preliminary injunction.
September 18, 1984Court of appeal dismissed appeal as premature. 458 So.2d 499.
In dismissing the appeal, the court of appeal reasoned that no appeal can be taken from reasons for judgment and that no final judgment had been signed when the order of appeal was granted. The court based its decision on its interpretation of La.C.C.P. Art. 1911, which provides:
"Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled."
The appellate court's interpretation of the codal article resulted in the dismissal of an otherwise valid appeal at a time when it was too late for appellants to file another motion for suspensive appeal. The correct interpretation of Article 1911 is that an appeal granted before the signing of a final judgment is subject to dismissal until the final judgment is signed.[1] However, once the final judgment has been *1095 signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal.
This court has consistently recognized that appeals are favored in law. Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981). Moreover, the Code of Civil Procedure mandates that "(t)he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." La.C.C.P. Art. 5051. The court of appeal, contrary to this mandate, construed Article 1911 very narrowly and deprived appellant of an otherwise valid appeal, without stating any purpose in substantive law for treating a procedural rule as an end in itself. Such an interpretation represents a preference for form over substance.
Accordingly, the application is granted, the judgment of the court of appeal is reversed, and the appeal is reinstated.
NOTES
[1] When a "premature" appeal is dismissed before the judgment is signed, the appellant still has the opportunity to perfect an appeal once the judgment has been signed.