FITZSIMMONS, Judge.
This is a suit for partition of community property. The judgment of partition was amended on motion of Fay C. Wicker (Mrs. Wicker) to change the date interest was due on a sum of money she owed to her ex-husband, Henry Dawson Wicker (Mr. Wicker). Mr. Wicker appeals the amendment of the judgment of partition.
BACKGROUND AND FACTS[2]
Mrs. Wicker and Mr. Wicker were granted a divorce on February 15,1991. A judgment partitioning the community property was signed on January 12,1995. On January 25, 1995, Mr. Wicker filed a motion for new trial contesting the equality of the partition as contrary to law.
• A hearing on the motion for new trial was held on April 3, 1995. After the trial court conferred with respective counsels for both parties and reviewed its judgment of January 12, 1995, the trial court found it did not completely reflect the court’s intent in regards to the partition. Thereafter, the trial court issued a clarification in the form of a new judgment partitioning the community property which was signed on September 13, 1995.
Mrs. Wicker thereafter made a motion to amend the judgment by suggesting to the trial court that the September 13, 1995 judgment contained a clerical error regarding the *1137 payment of interest on a portion of the judgment. The trial court signed an amended judgment on November 17, 1995, which changed the date interest was due on the $8,000 sum Mrs. Wicker owed Mr. Wicker in the community property partition. The trial court signed the amended judgment without a hearing on November 17, 1995. A Qualified Domestic Relations Order,(QDRO) was signed by the trial court on November 27, 1995 in connection with the amended judgment of partition signed on November 17, 1995.
On December 7, 1995, Mr. Wicker filed a motion for new trial regarding the November 17, 1995 amended judgment. A judgment granting a new trial was rendered in open court on February 5,1996, but the judgment was not signed until October 22, |31996. In a further attempt to have the September 13, 1995 judgment reinstated, Mr. Wicker filed a peremptory exception raising the objection of res judicata. Mr. Wicker also filed an exception raising the doctrine of law of the case.[3] These exceptions were denied on November 8, 1996. On November 8, 1996, Mr. Wicker obtained an order granting a devolutive appeal prior to determination of the merits of the motion for new trial on the community' property judgment of partition.
Mr. Wicker appeals the November 17,1995 judgment of the trial court and raises the following assignments of error:
1. The trial court erred in signing the exparte [sic] Judgment and QDRO dated November 16[sie], 1995 because the Sep--tember 13,1995 judgment rendered in this matter had become final.
2. The trial court erred in ordering a new trial on the entire ease after the September 13, 1995 Judgment had become final.
3. The trial .court erred in denying the Exceptions of Law of the case [sic] and Res Judicata.
4. The trial court erred, in not assessing the appellee with all court cost [sic] in this case incurred from the time of the filing of the exparte [sic] Judgment (and QDRO) complained of and through this entire appeal process.
Mrs. Wicker answered the appeal claiming Mr. Wicker’s appeal was frivolous and that she was entitled to attorney’s fees for frivolous appeal.
DISCUSSION
Appellee asserts that this appeal should be dismissed because it is an appeal from the granting of a motion for new trial, which is an interlocutory judgment and not ripe for appeal. We agree that the appeal is premature because there was no final judgment at the trial court level. The strong language contained in the recently revised LLa. C.C.P. art. 2087 states: “An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial.... The order becomes effective upon the denial of such motions.” That code article does not, however, provide that jurisdiction can- vest in an appellate court prior to a final judgment on the issues at the trial court level.
In the instant matter, the trial court judge had granted the motion for new trial, which was signed on October 22,1996. Thereafter, on October 30, 1996, Mr. Wicker filed a notice and motion for appeal. The order for devolutive appeal was signed on November 8, 1996. With the granting of the new trial, the jurisdictional status of the case reverted back to one in which there was no final judgment prior to the motions for new trial and appeal. This procedural status has nevér changed. Only had the motion for new trial been de *1138 nied, would the order of appeal have become effective pursuant to the applicable provisions of the code of civil procedure.
Alternatively, if the appellant had filed the notice of appeal prior to the trial court’s decision on the motion for new trial, as in Grant v. Federal Land Bank, 586 So.2d 685 (La.App. 2nd Cir.1991) and Montan v. Mosley, 448 So.2d 893 (La.App. 3rd Cir.1984), then the appellant could have been deemed to have waived the motion for new trial. The matter sub judice is also distinguishable from Overmier v. Traylor, 475 So.2d 1094 (La.1985), cited in Grant, 586 So.2d at p. 688. In Overmier, the final judgment of the trial court had been rendered, but not signed, as of the time of the taking of the appeal. This technical flaw was deemed “cured” as of the time that the judgment was signed. Historically, the jurisprudential interpretations of La. C.C.P. art. 2087 do not, however, extend the application of a jurisdictional “waiver” to procedural postures in which there does not ultimately exist a final judgment by the trial court prior to consideration by the appellate court. The clear wording of La. G.C.P. art. 2087, as revised in 1997, further elucidates the prematurity of a motion for appeal in those instances in which the jurisdiction of the trial court is clearly vested by the grant of a new trial.
| BThe various errors asserted on appeal are pretermitted by this determination. The appeal is, accordingly, dismissed. The case is remanded to the trial court to proceed with its grant of a new trial.
APPEAL DISMISSED; CASE REMANDED.
APPENDIX A
A chronology of the events leading up to Mr. Wicker’s appeal is as follows:
DATE EVENT
February 15,1991 Wickers were granted a divorce.
January 12,1995 Original judgment of community property partition.
September 13,1995 Clarified Judgment of community property partition.
November 17,1995 Amended judgment changing the date interest was due is signed.
November 27,1995 Qualified Domestic Relations Order is signed.
October 22,1996 Judgment granting new trial from November 17, 1995 judgment is granted. (Motion for new trial was timely filed.)
November 8,1996 Denial of exceptions of res judicata and law of case.
November 8,1996 Trial court signs Mr. Wicker’s appeal order.

. A chronology of the pertinent events is listed in "Appendix A”, attached hereto.

. The Code of Civil Procedure does not enumerate an exception raising the doctrine of law of the case. The law of the case doctrine is a court practice usually applied at the appellate level in regard to parties who have had the identical issue presented and decided previously by the appellate court in an earlier appellate proceeding in the same case. The principle is applicable to and determines the effect given prior rulings disposing of identical issues in the same proceeding involving the same parties. Trans Louisiana Gas Company v. Louisiana Insurance Guaranty Association, 96-1477, pp. 5-6 (La.App. 1st Cir. 5/9/97); 693 So.2d 893, 896. The law of the case principle also relates to the binding force of the trial court rulings during later stages of the trial and to the conclusive effect of appellate rulings at the trial on remand. Day v. Campbell-Grosjean Roofing & Sheet Metal Corporation, 260 La. 325, 256 So.2d 105, 107 n. 1 (1971).