DREW, J.
| falter Houston was charged by bill of indictment with three counts of aggravated rape and five counts of molestation of a juvenile. After a jury acquitted Houston on the rape charges, but convicted him on the five counts of molestation of a juvenile, he was adjudicated a third felony offender and sentenced on Count Four to serve 24 years at hard labor without benefit of parole, probation, or suspension of sentence. He received concurrent 15-year sentences at hard labor for each of the other four counts, along with payment of costs. He then filed a timely appeal of the convictions and sentences.
In State v. Houston, 40,642 (La.App. 2d Cir.3/10/06), 925 So.2d 690, we amended one of Houston’s convictions for molestation of a juvenile to attempted molestation of a juvenile, and remanded the amended conviction to the trial court for sentencing. The court then sentenced Houston to six years at hard labor, with credit for time served, and ordered that the sentence be served concurrently with his other sentences. Houston now appeals, assigning as error that the trial court:
• lacked jurisdiction to resentence him because he timely filed a writ application with the Louisiana Supreme Court,
• failed to comply with La. C. Cr. P. art. 894.1,
• did not provide him with a sentencing hearing, and
• imposed an unconstitutionally excessive sentence.
We affirm.
CHRONOLOGY
The facts underlying the charges against Houston, as well as the facts concerning the procedural history of his prosecution up through his prior | ^appeal in this court, are contained in our opinion in the prior appeal. After our opinion was rendered on March 10, 2006, and the matter remanded to the trial court for resentencing on the reduced conviction of attempted molestation of a juvenile, Houston ap *313 peared before the trial court for resentenc-ing on March 28, 2006. At that time, the court sentenced Houston to serve six years at hard labor, and this sentence was ordered to be served concurrently with any other sentence. Houston was given credit for time served and ordered to pay costs.
On April 7, 2006, the Louisiana Supreme Court received and filed an application by Houston for a writ of review. In that application, Houston asked the court to overturn our judgment and to either:
• find insufficient evidence was introduced at trial on each charge (including the lesser charge entered by this court on Count Eight), or
• find trial errors warranting a new trial.
On April 18, 2006, Houston filed a motion to reconsider his sentence. That motion was denied the same day. The instant appeal then was filed on May 9, 2006. On October 13, 2006, the Louisiana Supreme Court denied Houston’s writ application. State v. Houston, 2006-0796 (La.10/13/06), 939 So.2d 373.
DISCUSSION

Jurisdiction

Houston argues that under the provisions of La. C. Cr. P. art. 916, a trial court is divested of jurisdiction upon the entry of an order of appeal, except for limited matters. He further argues that under the provisions of La. C. Cr. P. art. 922, when a timely writ of review is sought with the ^supreme court, the judgment of the court of appeal does not become final until the supreme court denies the writ. At the .time Houston’s appellate brief was filed herein, the supreme court had not yet acted on his writ application, and Houston argues that until our judgment was final, it was not executable. Thus, he argues he should not have been resentenced because that action was premature. He requests that this court vacate the sentence imposed upon him on March 28, 2006, and keep the case in abeyance until the supreme court ruled on his writ application.
The state notes Houston’s argument under Article 922, finding some merit in Houston’s argument, but further notes that as a practical matter, there is no effect on Houston. The state’s brief, which also was filed prior to the supreme court’s writ denial, states that if the supreme court granted writs and reversed Houston’s convictions, the resentencing would be rendered moot. On the other hand, if the supreme court denied writs, there would be no change in the number of years that Houston would have to serve because'the sentences all run concurrently.
La. C. Cr. P. art. 922 states:
A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing. The court may act upon the application at any time.
B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.
C. If an application for a rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied.
|4P. If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.
The facts of this case illustrate a peculiarity concerning Article 922. At the time the trial court resentenced Houston pursuant to our opinion, more than 14 days had *314 passed and no application for rehearing had been made. Thus, this court’s judgment was final under Article 922(B). On the other hand, after the trial court resen-tenced Houston, his application for a writ of review to the supreme court was timely, and under Article 922(D), the timely-filed writ application kept the judgment of the appellate court from becoming final until the supreme court denied the writ application. As a practical matter, this problem seldom arises, in that most trial courts do not act on a remand until after the 30-day period to apply for a writ has expired.
As noted in the official revision comments to Article 922, there is no reason why the rules governing finality of judgments on appeal in criminal cases should be different from the rules in civil cases; therefore, Article 922 conforms with the provisions of La. C.C.P. arts. 2166 and 2167, with the exception that provisions dealing only with civil matters are omitted. See also State v. Bennett, 610 So.2d 120 (La.1992). It is not possible under the Code of Civil Procedure to have the same problem presented herein. However, in Overmier v. Traylor, 475 So.2d 1094 (La.1985), the Louisiana Supreme Court held that an appeal that was premature, but subsequently had its defect cured, should not have been dismissed. In that case, an appeal was granted before the signing of a final judgment, and the court noted that such a judgment is subject to dismissal until the final | ¿judgment is signed. The court held that once the final judgment had been signed, any previously existing defect was cured and that there was no useful purpose in dismissing the otherwise valid appeal. By analogy, any defect in the trial court’s jurisdiction to resentence Houston was cured when the Louisiana Supreme Court denied Houston’s application for a writ of review. Thus, even if Houston had filed his application for a writ of review prior to the trial court’s resen-tencing, there would be no reason to set aside the otherwise valid resentencing once the Louisiana Supreme Court denied the writ application.
Of course, Houston did not file his application until after the trial court had resen-tenced him, and because our judgment already had become “final” by the passing of the 14-day rehearing period, we find that the trial court did in fact have jurisdiction. To the extent that the validity of the re-sentencing might have been called into question by the subsequent filing of the writ application, that question essentially became moot once the Louisiana Supreme Court denied the writ application. Any defect arguably present was erased once the writ application was denied.
SENTENCING
Houston argues that when he was resen-tenced on the attempted molestation conviction, the court said nothing regarding what factors it considered in determining a proper sentence to impose upon him. According to Houston, the failure to set forth any factors was compounded by the court’s refusal to allow him to speak at his resen-tencing hearing, even though he asked to be allowed to do so. Furthermore, Houston asserts that[fiat the original sentencing hearing, the trial court set forth very few factors on the record that were considered in reaching the sentences it imposed.
On the other hand, the state argues that despite the trial court telling Houston he would not be allowed to speak, Houston persisted and made himself heard. Furthermore, the state alleges that Houston said nothing that related to the length of his sentence and made no expression of any remorse or awareness that he had victimized those he should have protected. Instead, the state asserts that Houston’s complaint was directed at the reduction *315 ordered by this court, as he stated that he was never tried for attempt and that the charge “wasn’t on the ballot.”
Our law on review of sentencing is clear.[1] Because the trial court had already conducted one sentencing hearing for Houston and, as noted in our prior opinion, had considered the seriousness of the offense, Houston’s age, the likelihood that Houston would commit crimes again, and Houston’s prior record, there was no necessity for the trial judge, who was the same |7judge who initially fully complied with La. C. Cr. P. art. 894.1, to revisit the factual basis for sentencing this defendant on attempt of the same crime. Furthermore, the record clearly shows an adequate factual basis for the sentence imposed on this defendant, who had a' substantial prior criminal record and who had molested or attempted to molest his step-grandchildren.
Houston next argues that the sentencing provisions for molestation of a juvenile call for a sentence of not less than one nor more than 15 years. La. R.S. 14:81.2(C). Thus, an attempt sentence could be no longer than seven and one-half years. La. R.S. 14:27(D)(3). Houston was sentenced to six years, and the court provided no reasons at resentencing. Additionally, the court did not order a presentence investigation report either at the original sentencing or upon resentencing. Houston contends that although he has a prior record, none of these priors are “in the same crime family” as the current offense, and that it has been several years since his previous convictions. He asserts that in this case, there was no physical harm to his 14-year-old step-granddaughter and no overt sexual gestures; instead, the conviction involved his stating that he would buy a cell phone for the step-granddaughter in return for oral sex. Houston chillingly argues that “this act was minor” and did not justify an upper-range sentence. Conversely, the state argues that a man who systematically molests his entire family of step-grandchildren is one of the worst offenders, and these crimes warrant the maximum sentence. Furthermore, the state points out that as a practical matter, the sentence was ordered to run concurrently with the third felony offender 24-year sentence and the sentences for the other molestation ^convictions. The state *316 submits that Houston preyed upon the children who had been placed in his charge and, rather than protect them, he subjected them to sexual abuse that likely will adversely affect them for the rest of their lives.
The imposition of the six-year sentence for the attempted molestation simply does not shock the sense of justice, for the following reasons:
• the seriousness of Houston’s pattern of molestations,
• the adverse impact his actions will have on these children in the future,
• his prior criminal record (adjudicated a third felony offender with 13 convictions),
• this court’s prior affirmance of the trial court’s maximum sentences on his other molestation counts, and
• the fact that the instant sentence will run concurrently with the other sentences.
CONCLUSION and DECREE
The defendant’s sentence is AFFIRMED.

. There are two prongs to the test imposed by a reviewing court in determining the exces-siveness of a sentence. Under the first, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance as long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with Article 894.1. State v. Landos, 419 So.2d 475 (La. 1982). The important elements that should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in the light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.