STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0639

PERDIDO ENERGY LOUISIANA, LLC

VERSUS

BEAUREGARD PARISH BOARD OF REVIEW, ASSESSOR BRENT
RUTHERFORD, EVANGELINE PARISH BOARD OF REVIEW,
ASSESSOR CHRIS GUILLORY, RAPIDES PARISH BOARD OF
REVIEW, ASSESSOR RICK DUCOTE, VERNON PARISH BOARD
OF REVIEW, AND ASSESSOR MICHAEL BEALER

Judgment Rendered: __**NOV 2 1 2025**__

* * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 755616 • Section 24

Honorable Donald R. Johnson, Judge Presiding

* * * * *

Phyllis D. Sims
Baton Rouge, Louisiana
-and-
Kyle P. Polozola
Lafayette, Louisiana
-and-
Amanda M. Collura-Day
Sean T. McLaughlin
New Orleans, Louisiana

Counsel for Appellee-Plaintiff,
Perdido Energy Louisiana, LLC


Brian A. Eddington
Baton Rouge, Louisiana

Counsel for Appellants-Defendants,
Beauregard Parish Assessor Brent
Rutherford, Evangeline Parish Assessor
Chris Guillory, Rapides Parish Assessor
Rick Ducote, and Vernon Parish Assessor
Michael Bealer

* * * * *

BEFORE: LANIER, WOLFE, AND HESTER, JJ.

**HESTER, J.**

In the instant appeal, Beauregard Parish Assessor Brent Rutherford, Evangeline Parish Assessor Chris Guillory, Rapides Parish Assessor Rick Ducote, and Vernon Parish Assessor Michael Bealer (collectively, "Assessors") challenge the ruling of the district court, granting Perdido Energy Louisiana LLC's ("Perdido") peremptory exception raising the exception of prematurity and dismissing the Assessors petition for judicial review without prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This matter originates from Perdido's timely filed protests of *ad valorem tax* valuations and assessments of its oil and gas wells, gathering pipelines, and equipment in Beauregard, Evangeline, Rapides, and Vernon Parishes for tax years 2019-2021, and 2022-2023.[1] The Louisiana Tax Commission ("LTC") conducted a consolidated administrative hearing on September 4, 2024 on the appeal of the contested assessments at issue for tax years 2019-2021, and conducted a consolidated administrative hearing on November 13, 2024 on the appeal of the contested assessments at issue for tax year 2022.[2] On November 13, 2024, the LTC entered its written decision concerning the assessments for tax years 2019-2021, finding that the property at issue suffered from economic obsolescence. Because the Assessors did not apply obsolescence to the assessments, the LTC determined economic obsolescence factors and determined the fair market value of the property

---

[1] Perdido filed provisional protests for its 2023 assessments for Beauregard and Rapides Parishes, and such protests were dependent on the outcome of the protests of the 2022 tax year. The LTC pretermitted adjudication of tax year 2023 pending any judicial review of the December 4, 2024 decision in the 2022 case. Accordingly, we refer to the applicable tax year and protests for 2022.

[2] Louisiana Constitution article VII, § 18(E) provides that the correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts, all in accordance with procedures established by law.

2

at issue.[3] For tax year 2022, the LTC entered its written decision on December 4, 2024 again finding that the property at issue suffered from economic obsolescence, which was not applied by any of the Assessors for 2022. The Assessors applied for rehearing from the 2019-2021 decision on November 21, 2024, which was denied by written ruling on January 30, 2025. The Assessors also applied for rehearing from the 2022 decision on December 20, 2024, which was denied by written ruling on January 30, 2025.

On November 12, 2024 – prior to the LTC's written decision in the 2019-2021 case and prior to the administrative hearing in the 2022 case – the Assessors filed a Petition for Appeal (Judicial Review) (hereinafter "petition" or "judicial review action") in the Nineteenth Judicial District Court ("19th JDC") pursuant to La. Const. Art. VII sec. 18(E) and La. R.S. 47:1998,[4] but initially withheld service. According to the petition, the Assessors were "dissatisfied with and [sought] judicial review of the rulings entered by the [LTC]" in the 2019-2021 and the 2022 cases.[5] On January 9, 2025, the Assessors requested service of the petition on Perdido.

---

[3] The LTC noted in its decision that parish-wide obsolescence was applied in Beauregard Parish for hurricane damage.

[4] Louisiana Revised Statutes 47:1998 provides in pertinent part:

A. (1)(a) Any taxpayer or bona fide representative of an affected tax-recipient body in the state dissatisfied with the final determination of the Louisiana Tax Commission under the provisions of R.S. 47:1989 shall have the right to institute suit within thirty days of the entry of any final decision of the Louisiana Tax Commission in the district court for the parish where the Louisiana Tax Commission is domiciled or the district court of the parish where the property is located for review of the correctness of an assessment by an assessor. Any taxpayer who owns property assessed in more than one parish may institute this suit in either the district court for the parish where the tax commission is domiciled or the district court of any one of the parishes in which the property is located and assessed, provided at least twenty-five percent of the parishes where the property is located are named in the suit. However, if at least twenty-five percent of the parishes are not named in the suit, then suit shall be filed in the parish where the property is located.

[5] We note that at the time the petition was signed and filed, it did not conform to the mandate set forth in La. Code Civ. P. art. 863(B)(3), as the allegation that the LTC had issued rulings in the 2019-2021 and 2022 cases was plainly false and lacked evidentiary support. Moreover, the petition failed to comply with La. Code Civ. P. art. 891(A), which requires a prayer for judgment for the relief sought.

3

On March 3, 2025, Perdido responded to the Assessors' petition by filing a motion to dismiss the judicial review action for lack of subject matter jurisdiction, peremptory exceptions asserting the objections of no cause of action and no right of action (sometimes referred to as "exception of no right of action" and "exception of no cause of action"), dilatory exception asserting the objection of prematurity (sometimes referred to as "exception of prematurity") and answer.[6] Perdido argued that judicial review can only be obtained by final decisions of the LTC. By filing the judicial review action prior to any decision was rendered by the LTC, Perdido maintains that the Assessors preemptively appealed, which is not permitted by Louisiana law. Accordingly, Perdido argued that the judicial review action was premature and failed to state a cause of action and that the Assessors lacked a right to appeal. Perdido argued that the district court should dismiss the Assessors' petition based on jurisdictional defects and the fact that the Assessors had no right to appeal.

Thereafter, on March 7, 2025, the Assessor filed both a motion for leave of court to file an amended petition, seeking to dismiss their judicial review action relative to tax year 2023 and a first amended petition removing reference to the 2023 tax year cases. The Assessors acknowledged that the judicial review of tax year 2023 was premature, as the LTC had not yet entered a final and appealable ruling, but disagreed with Perdido's assertion that judicial review of tax years 2019-2021 and 2022 were also premature. The district court signed an order granting the motion for leave on March 15, 2013, and dismissed without prejudice the judicial review of the 2023 tax year.

---

[6] Perdido attached to its motion and exceptions the following exhibits: the LTC's November 13, 2024 decision in the 2019-2021 case; the LTC's December 4, 2024 decision in the 2022 case; the LTC's January 30, 2025 denial of the Assessors' application for rehearing; and the Assessors' petition for judicial review and request for service.

4

On April 1, 2025, the Assessors filed a memorandum in opposition to Perdido's motion to dismiss for lack of subject matter jurisdiction and exceptions of prematurity, no cause of action, and no right of action. The Assessors argued that there was no support that the judicial review action must be dismissed and that appeals are favored. Additionally, the Assessors maintained that to the extent an appeal is prematurely filed, the defect is cured once a final judgment is issued, citing **Overmier v. Traylor**, 475 So.2d 1094, 1094-95 (La. 1985), among other cases. The Assessors further argued that they have a right to appeal the actions of the LTC on review of the correctness of assessments.

The district court conducted a hearing on April 9, 2025 and took the matter under advisement. On May 5, 2025, the district court signed a judgment vacating the March 15, 2025 interlocutory order granting the Assessor's motion for leave to amend the petition, denying the motion for leave to amend the petition, granting Perdido's exception of prematurity, and dismissing the petition without prejudice. The judgment further denied Perdido's motion to dismiss for lack of right to appeal and lack of subject matter jurisdiction as moot and adjudged Perdido's exceptions of no cause of action and no right of action as moot. The Assessors appealed and assigned the following as error: (1) the district court erred in dismissing the Assessors' otherwise valid etition for Appeal (Judicial Review) because any defect arising from the premature filing of the appeal was cured once the LTC issued its final written decision; and (2) the LTC's rulings modifying the Assessors' assessments of the property owned by Perdido for tax years 2019-2021 and 2022 were not supported and sustainable by a preponderance of evidence, were in violation of constitutional and statutory provisions, and were in excess of the LTC's authority to review the correctness of assessments, citing **Perdido Energy**

5

**Louisiana, LLC v. Acadia Parish Board of Review**, 349 So.3d 41 (La. App. 1st Cir. 9/1/22), writ denied, 352 So.3d 81 (La. 12/20/22).[7]

## LAW AND DISCUSSION

As succinctly stated in **Perdido Energy Louisiana, LLC v. Acadia Parish Board of Review**, 2022-0115 (La. App. 1st Cir. 9/1/22), 349 So.3d 41, 48, writ denied, 2022-01483 (La. 12/20/22), 352 So.3d 81,

> Louisiana Constitution article VII, § 18(E) provides that the correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the LTC or its successor, and finally by the courts, all in accordance with procedures established by law. See La. R.S. 47:1931; 47:1992; 47:1989; 47:1998. Louisiana Revised Statutes 47:1998 authorizes judicial review of the correctness of a tax assessment, and the Administrative Procedure Act, specifically La. R.S. 49:964(F) and (G), governs the extent of that review. La. R.S. 49:967(A)[8]; **D90 Energy, LLC v. Jefferson Davis Parish Board of Review**, 20-00200, pp. 8-9 (La. 10/20/20), 341 So.3d 492, 498-99. When reviewing a final decision of an agency, the district court functions as an appellate court. **Regency Intrastate Gas, LLC v. Louisiana Tax Commission**, 21-0271, p. 4 (La. App. 1 Cir. 9/27/21), 329 So.3d 838, 842, writ denied, 21-01559 (La. 1/19/22), 331 So.3d 320. An aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. La. R.S. 49:965.

In this case, Perdido challenged the correctness of its assessments with the Boards of Review for Beauregard, Evangeline, Rapides, and Vernon Parishes, and subsequently sought review from the LTC. Therefore, once the LTC entered a final determination, either Perdido (the taxpayer) or the Assessors (the *bona fide* representatives of the affected tax-recipient bodies) had the right to institute suit for

---

[7] The district court made no ruling or consideration of the merits of the Assessors' petition, having granted the exception of prematurity and dismissing the petition without prejudice. Under Article V, § 10 of the Louisiana Constitution, courts of appeal have broad supervisory jurisdiction; however, even with such broad power, this court will not act on the merits of a claim not yet acted upon by the lower tribunal. **Jablonski v. Capital Pools, L.L.C.**, 2023-0924 (La. App. 1st Cir. 5/8/24), 390 So.3d 924, 932, writ denied, 2024-00946 (La. 11/6/24), 395 So.3d 1173. Therefore, we decline to address the Assessors' second assignment of error. See **Burniac v. Costner**, 2018-1709 (La. App. 1st Cir. 5/31/19), 277 So.3d 1204, 1210.

[8] The citations to the Administrative Procedure Act should have been referred to as La. R.S. 49:978.1 and La. R.S. 49:954, respectively, because La. Acts 2022, No. 663, § 1, effective August 1, 2022, recodified and redesignated former La. R.S. 49:964 in its entirety as La. R.S. 49:978.1, and former La. R.S. 49:967 as La. R.S. 49:954. As Act 663 merely renumbers these procedural laws with no substantive changes, the laws apply prospectively and retroactively. See La. Civ. Code art. 6.

review of the correctness of the assessments if they were dissatisfied with the LTC's final determination. La. R.S. 47:1998(A)(1)(a). However, at the time the petition for appeal was filed by the Assessors in this matter, the LTC had not issued a final determination in either the 2019-2021 case or the 2022 case.

The Assessors maintain that any defect in its prematurely filed petition was cured upon the entry of the LTC's written decisions. The Assessors equate the premature filing of a judicial review action with a premature appeal of an unsigned final judgment in the district court.

In the seminal case relied upon by the Assessors, **Overmier**, 475 So.2d at 1094-95, the district court issued an opinion, ruling on the merits of the case,[9] and indicated that it would sign a judgment consistent with its opinion upon presentation by the parties. The defendant requested a suspensive appeal, which the district court granted, before the judgment was signed. The judgment was eventually signed; however, the appellate court dismissed the appeal because there was no signed final judgment at the time the order of appeal was granted, relying on La. Code Civ. P. art 1911. Louisiana Code of Civil Procedure article 1911(A) requires that final judgments be signed by the judge and subsection B provides that, for purposes of La. Code Civ. P. art. 2083, no appeal may be taken from a final judgment until the requirements of article 1911 have been fulfilled.[10] See La. Code Civ. P. art. 2083(A) (providing that a final judgment is appealable in all cases in which appeals are given by law).

---

[9] The appellate court in **Overmier** attached the district court's full opinion ruling on the merits of the preliminary injunction as an appendix to the appellate court's opinion. **Overmier v. Traylor**, 458 So.2d 499, 501 (La. App. 1st Cir. 1984), reversed, **Overmier v. Traylor**, 475 So.2d 1094 (La. 1985).

[10] While La. Code Civ. P. art 1911 has been amended multiple times since the **Overmier** opinion, the article's essential requirement that every final judgment be signed by the judge and limitation that no appeal may be taken if that requirement has not been fulfilled has remained unchanged.

7

The Louisiana Supreme Court overturned the appellate court, finding the correct interpretation of La. Code Civ. P. art 1911 to be that "an appeal granted before the signing of a final judgment is subject to dismissal *until* the final judgment is signed." **Overmier**, 475 So.2d at 1094-95. (Emphasis in original). The court held that once the final judgment has been signed, any previously existing defect is cured, finding no useful purpose in dismissing the otherwise valid appeal. **Id**. In so holding, the court specifically noted the favorability of appeals in law and the mandate of La. Code Civ. P. art. 5051 that the articles of the Louisiana Code of Civil Procedure are to be construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. **Id**. at 1095.

We find that **Overmier** is distinguishable from the instant matter. Unlike the district court in **Overmier**, which had issued its ruling on the merits of the case, the LTC had not yet issued any opinion or decision in either case at the time the Assessors sought appellate review.[11] Here, there was no ruling from which to seek review and no defect to be cured by the mere signing of a judgment. The Assessors cannot be said to have an "otherwise valid appeal" as there can be no appeal of a ruling not yet in existence. See **Overmier**, 475 So.2d at 1095.

Also distinguishable is that **Overmier** involved the appeal of a judgment issued by the district court, *i.e.*, the **Overmier** defendant sought to appeal a final judgment determining the rights of the parties. See La. Code Civ. P. arts. 1841 and 2083 (providing for judgments, interlocutory and final); see also La. Code Civ. P. art. 2121 (providing, in part, that an appeal is taken by obtaining an order therefor from the court which rendered the judgment). These Louisiana Code of Civil

---

[11] It is unclear whether a single judicial review action could or should be filed for both the 2019-2021 and 2022 tax year cases.

Procedure articles with respect to final judgments and appeals, in addition to La. Code Civ. P. art. 1911, are not applicable to the instant matter.

This is a judicial review action under La. R.S. 47:1998, and the provisions therein are controlling. Louisiana Revised Statutes 47:1998(A)(1)(a) gives taxpayers and assessors the right to file such actions within thirty days of the "entry of any final decision" of the LTC. The thirty-day period does not begin until the *entry* of the LTC's final decision. Pursuant to Louisiana Administrative Code, Title 61, Part V, Rule 3103(K), "entry" under La. R.S. 47:1998 is defined as "the mailing of the decision to the parties[,]" further stating that "[d]ecisions by the [LTC] are not entered or final until signed and placed in the mail to the parties." With no final decision being entered at the time that the Assessors' judicial review action was filed, the Assessors had no "right to institute suit." La. R.S. 47:1998(A)(1)(a).

A suit is premature if it is brought before the right to enforce the claim sued on has accrued. **Houghton v. Our Lady of the Lake Hospital, Inc.**, 2003-0135 (La. App. 1st Cir. 7/16/03), 859 So.2d 103, 106 (citing La. Code Civ. P. art. 423). A premature action shall be dismissed, but it may be brought again after the right has accrued. La. Code Civ. P. art. 423. Prematurity is determined by the facts existing at the time suit is filed. **Houghton**, 859 So.2d at 106. The fact that the LTC subsequently entered its final decision in the 2019-2021 case on November 13, 2024, and entered its final decision in the 2022 case on December 4, 2024, did not and could not have cured the prematurely filed judicial review action. The Assessors' petition was without legal effect and "shall be dismissed as premature." La. Code Civ. P. art. 423.

Accordingly, we find no merit in the Assessors' first assignment of error. The district court did not err in granting Perdido's exception of prematurity and in dismissing the Assessors' petition. As noted *supra*, we decline to address the Assessors' second assignment of error.

9

## CONCLUSION

Based upon the above and foregoing, we affirm the district court's May 5, 2025 judgment. All costs of this appeal in the amount of $22,579.00 are assessed equally against the appellants, Beauregard Parish Assessor Brent Rutherford, Evangeline Parish Assessor Chris Guillory, Rapides Parish Assessor Rick Ducote, and Vernon Parish Assessor Michael Bealer.

**AFFIRMED**.